O. H. JOHNSTON, *Appellant*, V. FRANK R. LANTER,
*Appellee*.

No. 17,363.

SYLLABUS BY THE COURT.

1. SALES—*Warranty—Inspection of Goods—Laches.* A sale of
goods, in which a quality thereof is described, implies a war-
ranty that the goods are of the quality described, provided
the purchaser has had no prior opportunity to inspect them,
but relies upon the description thereof.

2. —— *Same.* There is no rule of law applicable to all cases
by which it can be determined whether a purchaser, on de-
livery to him of goods bought without inspection but on war-
ranty, has unreasonably delayed discovering and reporting to
the seller a defect. The apparent or concealed nature of the
defect and all the circumstances of each particular case
should be considered and the conclusion of fact should be
submitted to the jury under proper instructions.

Appeal from Johnson district court. Opinion filed
May 11, 1912. Reversed.

*I. O. Pickering*, for the appellant.
*J. W. Parker*, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellee received from the Cummings-Moberly Cypress Lumber Company, of Moberly, La., in the month of February or March, 1909, three carloads of lumber in which there were included 79,500 laths. The aggregate bill for the lumber and laths was $1645.24. Payments were made thereon of $1289.44, leaving a balance of $355.80. The Cummings-Moberly company assigned the account to O. H. Johnston, of Wichita, Kan., who brought suit in the district court of Johnson county to recover the balance on the account. In his petition, he alleged the facts as above stated.

The appellee in his answer alleged that in the consignment of lumber was a quantity of cypress laths which, by the terms of purchase, was invoiced at $354.80, and described in the invoice as No. 1 cypress lath. Further, he alleged that the laths were not No. 1 cypress laths; that he sold a portion of the laths to his customers; that a large number were not of cypress wood; that others were made of second growth, immature and defective material, unfit for the purpose for which he sold them; that he had stopped the sale of the laths and held them subject to the order of the Cummings-Moberly company, or to the order of the plaintiff as he had succeeded to the rights of the company; that he was compelled to pay damages (amount not stated) and that he had suffered in his good name and reputation as an honorable dealer in the sum of $1000, for which sum he demanded judgment. The reply was a verified general denial.

A jury trial was had and much evidence was introduced as to the quality of the laths, particularly as to whether they were of cypress. The only evidence of damage appears to have been given by the appellee. He testified, in substance, that he had sold about

45,000 of the laths to customers; that he had heard some complaint about the laths sold to Cosgrove, Moll and Hyre; that he did not make any examination of any except at the Hyre house; that some of the laths on this job buckled when the plastering was put on; that he paid Hyre thirty-four dollars in settling with him on account of defective laths. This seems to be the only evidence in regard to money loss and there seems to have been no evidence of damage to Lanter's reputation and good name as a dealer.

The jury returned a general verdict in favor of the appellee and made nine special findings of fact. A motion for a new trial was filed on the grounds, among others, of erroneous instructions by the court, that the verdict was given under the influence of prejudice, and that the verdict was contrary to the evidence.

It is contended by the appellant that as the laths were received in February or the first of March and no objection to the quality thereof was made until sometime in June, after the account had become due and payment of the bill had been repeatedly demanded, any objection to the quality of the laths was waived by the appellee; that the lumber was subject to inspection, and that the appellee, being an experienced lumber dealer, should be held to have waived any defects unless he examined them within a reasonable time after the lath were received, and that an unreasonable time elapsed before any complaint was made; that the appellee was estopped by his conduct from objecting to the quality of the laths. Neither waiver nor an estoppel was pleaded, however, in the reply, but perhaps this was not necessary to entitle the appellant to the objection.

The appellant further contends that his motion for a new trial should have been sustained on the ground of prejudice of the jury; that the appellee had sold laths of the invoice value of $200 and presumably had received payment therefor and the only damage he had

suffered was thirty-four dollars.   Also, that question
No. 9 and its answer conclusiyely show prejudice on the
part of the jury.   The question and answer read:

"Q. 9.   Did the defendant when making complaint
after payment had been demanded from him as stated,
state in writing that his only complaint of said lath was
that they were not cypress?   A.   No."

Also, appellant says that in this finding the jury dis-
regarded the evidence in exhibits P-3 and P-4, being
letters written by appellee to George E. Watson, sec-
retary of the Southern Cypress Manufacturers' Asso-
ciation.   Exhibit P-3 reads as follows:

"Olathe, Kan., July 30, 1909.
"Geo. E. Watson, Secty.,
"Dear Sir; Replying to yours 28th. relative to lath
from Cummings-Moberly Cypress Co., will say that we
do not complain on the quality of the lath as to looks or
manufacture of same but we do claim that they are not
strictly Cypress lath; in our judgment they are mostly
elm or some bastard timber but not cypress."

Exhibit P-4 reads:

"Southern Cypress Manufacturer's Ass'n,
"New Orleans, La.
"Gentlemen:   Kindly send one of your official in-
spectors as soon as possible, to inspect contents of T. &
P. car No. 7519, transferred to car No. . . . . . . shipped
to F. R. Lanter, at Olathe, by Cummings-Moberly of
Moberly, La., and covered by invoice of Jany. 8, 1909.
"Our complaint on this car is as follows: (Itemize
fully) Not Cypress Lath.   In our judgment are elm. . . .
. . . . . . . . . . . . . . . . . ."

Whether the order for the laths was oral or written
does not appear in the pleadings or evidence.   The ap-
pellee simply alleges that he ordered "No. 1 cypress
lath," and the evidence shows that the laths were de-
scribed in the same words in the bill of lading.   The
order and the acceptance thereof constitute an execu-
tory contract which became an executed sale on the de-
livery and acceptance of the lath.   That the descrip-
tion, "No. 1 cypress lath," is a condition precedent to

the sale or is an implied warranty that the goods possess the quality described is the general rule of law can not be doubted, nor is it material which of the constructions is adopted. The effect is the same. (*Morse v. Moore*, 83 Maine, 473, 22 Atl. 362, 13 L. R. A. 224-228.) The shipment was not expressly subject to inspection nor was there any provision for a test of the quality of the laths. The usual rule applicable to goods sold and delivered without previous inspection but on representation or warranty of quality therefore applies in this case. The usual rule is that on delivery the buyer must promptly inspect the goods and determine whether they meet the requirements of the contract and if defects are found he must promptly notify the seller. If the buyer neglects to inspect or to report to the seller within a reasonable time, he waives the defects and is estopped from later asserting them. There is, however, no definite rule as to what constitutes reasonable diligence in discovering defects; if the defect is apparent on sight or on such handling as is practicable, immediate action is required; if the defect is discoverable only by further tests and perhaps by some use of the article, only such promptness of action on the part of the buyer is required as, under the particular facts, is reasonable. The question thus becomes one of fact and in this case was one for the determination of the jury. (*Morse v. Moore*, supra.) It follows that the refusal of the instructions of which the appellant complains was not erroneous.

Finding No. 9, made by the jury, seems to be contrary to exhibits P-3 and P-4, which purport to be written statements made by the appellee and which were in evidence. There appears to be no evidence of damage to the appellee's reputation as a lumber dealer, even if that were a proper element of damage. There is no evidence that the 34,000 or 35,000 laths which the appellee admitted he still had are entirely worthless. The appellee also admits that he sold about 45,000 laths,

which at the invoice price would be worth nearly $200,. and it is not to be presumed that he sold them for less. The appellee's only evidence of damage is that he paid $34 to one Hyre in settlement of a claim for defective lath. We think the verdict is contrary to the evidence and that the court erred in overruling the motion for a new trial.

The judgment is reversed and the case is remanded for a new trial.