No. 18,657.

S. F. BOWSER & COMPANY, *Appellant,* v. A. C. BATHURST, *Appellee.*

SYLLABUS BY THE COURT.

SALE—*Gasoline Pump — Representations — Implied Warranty— Rescission.* Where, to induce a sale of an article not known or recognized as an article of commerce, the seller represents that the article in use will accomplish a certain purpose, and the purchaser has no opportunity to examine the article, but in reliance upon the representations made enters into an executory contract to purchase the article; *Held,* that such representations constitute an implied warranty that the article will in use accomplish the purpose represented.

Appeal from Dickinson district court; ROSWELL L. KING, judge. Opinion filed February 7, 1914. Affirmed.

*R. H. Seeds,* of Abilene, for the appellant.

*C. E. Rugh,* of Abilene, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellant in this case brought suit to recover the purchase price of a combined gasoline tank and pump. A verified account was attached to the petition and the petition alleged the account was true and correct.

The appellee, in answer, denied all the allegations of the petition not specifically admitted, specifically denied the correctness of the account, and denied that he was indebted to the appellant in any sum whatever. The answer further alleged that an agent of the appellant "told said defendant that if said pump and tank did not work in first-class condition and did not measure accurately he did not need to keep same and would not need to pay for the same. That said plaintiff installed said gasoline tank and pump and measuring apparatus at this defendant's premises and he undertook to use the same for the purposes for which it was intended, but that said tank, pump and measuring apparatus was so defective in workmanship and construction that it would not work properly in this, to wit: That the said pump and measuring apparatus would not measure correctly." It was further alleged that the tank and pump were not as guaranteed and warranted by appellant and were of no use or value to the appellee, and that about six months after the purchase appellee returned the same to the appellant and owes the appellant nothing therefor. The answer was not verified.

In reply, the appellant made general denial of all the allegations of the answer and alleged that the contract between appellant and appellee for the sale and purchase of the property was in writing and was signed by the appellee. A copy of the order was attached to the reply. The judgment was in favor of the appellee for costs.

On the part of the appellant it is urged that under section 110 of the civil code the account attached to the petition should have been taken as correct, the account being verified and the answer thereto not being verified. This is the clear provision of the statute and would have been applicable if the appellant had relied thereon, but, by its reply, it put the matter of warranty in issue.

On the other hand, the appellee contends correctly that under section 129 of the civil code, the contract having been pleaded in the reply only, the allegations therein should be deemed to be controverted by the adverse party as upon direct denial or avoidance. Under this provision it devolved upon the appellant to prove both the execution and the delivery of the contract. It can not be said that this was affirmatively done.

The appellee introduced evidence tending to prove the purpose for which the machine was bought, and over the objection of the appellant also was allowed to prove that the appellee had no opportunity to inspect the machine and that the appellant's agent who made the sale represented that it would pump and correctly measure gasoline; that the machine was shipped to and installed by the appellee; that it did not work properly in that it failed to correctly measure gasoline; that the appellant sent a man to fix the machine, but it afterwards failed, as before, to do the work; that the appellee had reshipped the machine to the appellant and had not thereafter been in possession of it. ·

To this evidence of the appellee the appellant demurred on the ground that it constituted no defense under the pleadings. The demurrer was overruled. Appellant then offered evidence that it had not accepted a return of the goods.

In the instructions the court submitted the case to the jury upon the theory that where a machine is sold for a specific purpose there is an implied warranty that it will reasonably perform such service; that the burden

of proof was upon the appellee to establish by a preponderance of the evidence that the machine would not work as it was impliedly warranted to do, and that appellee returned or offered to return it to the appellant upon its failure to work; that if they should find from the evidence that the machine was sold as being suitable for the purpose of measuring gasoline, and should find that it did measure gasoline as impliedly warranted, they should return a verdict for the appellant, but if they should find that the machine did not work and did not fill the implied warranty, and that it failed to measure gasoline as impliedly warranted, their verdict should be in favor of the appellee.

The case differs very much from *Ehrsam v. Brown,* 76 Kan. 206, 91 Pac. 179. In that case the article sold was a "known, described and specified" article of commerce by a dealer. The article in this case seems to have been sold for a definite purpose, viz.: to measure gasoline, and it does not appear to have been a known article of commerce, but whether it was manufactured on the order or whether sold by a dealer does not appear.

If the purchaser had no opportunity to inspect the article before the purchase but relied on the representation of appellant's agent, the case is analogous to *Johnston v. Lanter,* 87 Kan. 32, 123 Pac. 719. The sale was made on an executory contract, and in such cases where there is no opportunity for inspection of the article a representation of quality amounts to an implied warranty. Many cases sustaining this rule are collated in *Morse v. Moore,* 83 Maine, 473, 22 Atl. 362, 13 L. R. A. 224.

Notwithstanding the irregularities in the pleading, the appellant was not in a position to complain.

The judgment is affirmed.