No. 20,145.

O. H. JOHNSTON, *Appellant*, v. FRANK R. LANTER, *Appellee*.

SYLLABUS BY THE COURT.

1. SALE — *Lumber — Inspection by Vendee — Notice of Defects.* It devolves on one who orders goods of a particular kind or quality to make an early inspection of those received to determine whether they comply with the terms of the contract, and to give notice of defects within a reasonable time after the discovery of the same.

2. SAME—*Waiver of Defects.* The mere receipt of goods does not necessarily amount to a waiver of defects, but the buyer is bound to exercise reasonable care in the matter of inspection, and is chargeable with knowledge of such defects as are external and visible, and which are observable from an ordinary examination, and whether he has acted with reasonable diligence in that respect, and given notice of discovered defects to the seller within a reasonable time, are ordinarily questions for the determination of the jury.

3. SAME—The finding that there was no waiver of defects in the goods purchased by the defendant is sustained.

4. SALE—*Lumber—Breach of Contract—Proof of Damages.* One who claims damages on account of a breach of contract must not only prove the injury sustained, but must also show with reasonable certainty the amount of damages suffered as a result of the injury.

Appeal from Johnson district court; JABEZ O. RANKIN, judge. Opinion filed May 6, 1916. Affirmed.

*I. O. Pickering,* of Olathe, for the appellant.

*J. W. Parker,* of Olathe, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Early in 1909 the defendant, Lanter, received a shipment of three cars of lumber, ordered by him from the Cummings-Moberly Cypress Company, part of which consisted of 79,500 laths, at $4.40 a thousand. Various amounts had been paid upon the account with the cypress company, the last payment being $996.10 on June 23, 1909, and a balance of $355.80 was still due, which was assigned to the plaintiff, O. H. Johnston. Lanter's defense was that the laths shipped were not No. 1 cypress, which the company had sold and agreed to ship. It appears that the laths came in bundles of fifty and were unloaded at the defendant's lumber yard under his super-

vision, and that thereafter he had disposed of 44,500 in the regular course of business, when complaint was made by some of his customers that they were unsatisfactory. Of this number, 38,850 had been disposed of prior to June, about 8000 having been sold on April 24 to a customer who complained that they had buckled and pushed the plaster off the wall of his house. Thereafter the defendant discontinued the further sale of them. The testimony as to the kind and quality of the material was conflicting. The jury, after being sent out to their room three times to further deliberate and make more complete findings, returned a general verdict for the defendant and also certain special findings, in which they stated, among other things, that the defendant was personally present and had an opportunity to inspect the laths when they were received; that they were other than No. 1 cypress, being a mixture of cypress, gum and elm; that the defendant had sold upon the market 44,500 of them, receiving therefor $267; that the defendant made his first complaint to the company about the quality of the laths in June, 1909, and in July and August he informed the company in writing that not all of them were cypress; that of the invoice price there remained due the sum of $355.80; and that on account of the defective laths sold by the defendant to his customers he had sustained damages to the amount of $50. The court, upon the motion of the plaintiff, set aside the general verdict and rendered judgment upon the special findings of the jury for the plaintiff, in effect, that the plaintiff should recover the sum of $195.74, being the contract price for the laths which the defendant had sold, with interest at six per cent from the 23d day of June, 1909, less $50 damages sustained by the defendant, and that the plaintiff was entitled to the laths that had not been sold. Complaint is made by both the plaintiff and the defendant of the court's judgment upon the findings; the plaintiff contending that the judgment should have been for the whole of the plaintiff's claim and the defendant insisting that the court should have entered judgment upon the general verdict.

There have been three trials of this case, in each of which the verdict has been returned in favor of the defendant, and twice before the case has been reviewed in this court. (*Johnston v. Lanter*, 87 Kan. 32, 123 Pac. 719; *Johnston v. Lanter*,

92 Kan. 257, 139 Pac. 1031.) It is now insisted by the plaintiff that because the defendant was present when the laths were received, he is bound to pay the purchase price and is estopped to question the quality of the laths or to deny liability for the price of the same. The defendant purchased a particular kind of laths and had the right to insist on receiving the kind purchased. The defense is based on noncompliance with the contract, and the jury have found that the laths furnished were not the kind purchased. It is immaterial whether the defense be treated as a breach of condition of sale or of warranty. On the former appeal it was held that it devolves upon òne who buys goods to make an early examination of them to determine whether they comply with the contract, and to give notice to the seller of any defects in them, and that this must be done within a reasonable time. What is a reasonable time depends, of course, upon the character of the goods and the openness of the defects. Whether reasonable diligence was used by the defendant in this instance in discovering the defects and giving notice to the seller is a question for the determination of the jury. (*Johnston v. Lanter,* 87 Kan. 32, 123 Pac. 719.) This was the rule under which the case was submitted to the jury at the last trial. While the defendant, who was an experienced lumber dealer, was present when the laths were received, it appears that he did not discover the defects for some time afterward. The laths were tied in bundles, and the defects were not easily discoverable. The mere receipt of goods does not necessarily amount to a waiver of defects. The buyer is bound, of course, to exercise reasonable care in the examination of the goods received, but is only charged with knowledge of that which is observable from an ordinary examination. He is charged with knowledge of all such defects as are external and visible, and whether or not the defendant used due diligence to ascertain the quality of the laths, bound up as they were, and gave notice of the defects within a reasonable time, were questions for the determination of the jury. (*Shaw v. Smith,* 45 Kan. 334, 25 Pac. 886, 11 L. R. A. 681; *Implement Co. v. Haley,* 77 Kan. 72, 93 Pac. 579; *Johnston v. Lanter,* 87 Kan. 32, 123 Pac. 719; *Meickley v. Parsons et al.,* 66 Iowa, 63, 23 N. W. 265, 55 Am. Rep. 261; Note, 24 L. R. A., n. s., 235; Tiedeman on Sales, § 115.) The instructions given by the

court were challenged, but they appear to be in line with the rules laid down in the decision on the former appeal. Although the sufficiency of the evidence to sustain the special findings is questioned, it can not be held that they are without support.

The defendant complains of the action of the court in setting aside the general verdict in favor of the defendant. This was done because it did not conform with the special findings. The defendant had sold a part of the laths and had received the price of the same. Through the sale of the defective laths he had suffered damages in an amount stated by the jury. The plaintiff was entitled, therefore, to the value of the laths which defendant sold, less the damages which resulted to the defendant because of defects in the laths. The amount received by the defendant for the defective laths sold by him is not in dispute, and he certainly was not entitled to retain the laths and the money received for them. There is a complaint that he was not allowed a sufficient amount of damages, but the jury appear to have allowed all the damages arising from the defects that were proven. One who claims damages on account of a breach of contract must not only show the injury sustained, but must also show with reasonable certainty the amount of damage suffered as a result of the injury. (*Linotype Co. v. Printing Co.*, 61 Kan. 860, 59 Pac. 1066.) The laths not sold belong to the plaintiff, and under the decision of the court he is entitled to the possession of them.

We think a just result was reached by the court, and its judgment is affirmed.