Deitrich v. Darr.

---

No. 26,240.

WILLIAM DEITRICH and GUY CROOK, Partners, etc., *Appellees,* v. OSCAR DARR and WILLIAM DILTS, *Appellants.*

### SYLLABUS BY THE COURT.

PLEADING—*Reply—New Matter Deemed Controverted.* Under the provisions of our code (R. S. 60-748) allegations of new matter in a reply are deemed to be controverted by the adverse party as upon direct denial, or avoidance, as the case may require, without further pleading.

Appeal from Lyon district court; WILLIAM C. HARRIS, judge. Opinion filed March 6, 1926. Reversed.

*S. S. Spencer* and *O. T. Atherton,* both of Emporia, for the appellants.
*O. S. Samuel,* of Emporia, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action upon a promissory note. The court sustained a demurrer to the evidence of defendants and directed judgment for plaintiffs. The defendants have appealed.

Deitrich and Crook, implement dealers, sued Darr and Dilts, two farmers, on a promissory note executed by defendants and payable to plaintiffs. Defendants answered, admitting execution and delivery of the note, but alleged that the note (together with another) was given to plaintiffs in payment of a certain tractor and plows purchased by defendants from plaintiffs under an oral contract which contained certain representations and warranties made by plaintiffs, which representations were false, and warranties broken in certain particulars set out, to the damage of defendants in a sum named, for which they prayed judgment. They alleged that they had been compelled to pay the other note because it had been negotiated by plaintiffs to a holder in due course. The reply specifically denied that the machinery was purchased by the defend-

---

Appeal and Error, 4 C. J. pp. 1003 n. 61, 1165 n. 60. Pleading, 31 Cyc. pp. 267 n. 41, 269 n. 76.

ants under the oral contract, but alleged that it was obtained upon a written contract between defendants and the J. I. Case Thrashing Machine Company. Attached to the reply was a copy of a combined shipping order and purchasing agreement addressed to the J. I. Case Thrashing Machine Company and signed, "William Dilts by Oscar Darr," which contained provisions with respect to representations and warranties other than those which defendants alleged were in their oral agreement with plaintiffs. The reply further alleged that on September 9, 1920, defendants executed and delivered to plaintiffs a certain memorandum in writing, as follows:

"PLYMOUTH, KAN., 9-9, 1920.

"J. I. Case T. M. Company, Racine, Wisconsin.

"GENTLEMEN—Your Mr. C. V. Hirsch called at our request and has rendered the desired assistance in operating the machinery recently purchased from you and same is working to our satisfaction and filling the warranty as per terms of order.          Very truly,          W. M. DILTS,

DEITRICH & CROOK."

And it was averred that by the terms of the writing defendants accepted the machinery and became estopped from setting up or claiming the matters attempted to be set up in their answer; that prior to the execution of the memorandum, "Plaintiffs had contract with the corporation, to wit, J. I. Case T. M. Company, from whom the machinery was purchased, which was afterwards sold to said defendants," by which such corporation was obligated to render desired assistance in operating machinery upon demand, and that by the execution of the memorandum by defendants, plaintiffs were prevented from making further demand upon the Case company under such contract.

Upon the trial defendants offered evidence in support of their answer, in which they sought to prove that the machinery was purchased under the oral contract, as alleged by them, the representations and warranties made, and the breach, with resulting damages. A part of this evidence was admitted over plaintiffs' objection, and later stricken out upon plaintiffs' motion, for the reason that the written contract and memorandum set up in the reply had not been denied nor sought to be avoided by any pleading filed by defendants, by reason of which parol testimony was not competent to show that the machinery had been purchased under the parol contract, as alleged by defendants. Judgment was directed for plaintiffs. Appellants contend that since the plaintiffs set up

Deitrich v. Darr.

the contract with the Case company, upon which they relied as the agreement for the purchase of the machinery, in their reply rather than in their petition, the allegations pertaining thereto are, under our code (R. S. 60-748), deemed controverted without further pleading. This contention must be sustained. The pertinent portion of the statute reads:

"But the allegation of new matter in the reply shall be deemed to be controverted by the adverse party, as upon direct denial or avoidance, as the case may require." (R. S. 60-748.)

Formerly issues concerning new matter set up in a reply had to be tendered by a rejoinder, which was defendants' answer to the reply. Under the code procedure this practice was done away with. (31 Cyc. 267; *Board of Education v. Shaw*, 15 Kan. 33; *Ross v. Insurance Co.*, 84 Kan. 572, 575, 114 Pac. 1054.) In *Bowser & Co. v. Bathurst*, 91 Kan. 611, 138 Pac. 585, the question arose very much as it has in this case. There an action had been brought on an itemized account for merchandise alleged to have been sold by plaintiff to defendant. Defendant answered that the merchandise sold was a pump designed to pump and measure gasoline or kerosene; that there were certain warranties as to the character of the work the device would perform, and particularly that it would accurately measure the gasoline or kerosene; that there was a breach of these warranties, and that defendant was unable to use the device for any purpose. The reply denied that the device was sold on an oral contract, but alleged it was sold on a written contract which contained no such warranties, and a copy of which was attached to the reply. No further pleading was filed. On the trial the defendant, by his parol testimony, denied the execution and delivery of the written agreement set up in the reply. Over plaintiff's objection the court admitted this parol testimony, and there was judgment for defendant. Plaintiff appealed. The court said:

"The appellee contends correctly that under section 129 of the civil code, the contract having been pleaded in the reply only, the allegations therein should be deemed to be controverted by the adverse party as upon direct denial or avoidance. Under this provision it devolved upon the appellant to prove both the execution and delivery of the contract." (p. 613.)

Since the statute regards the new matter set up in the reply to be deemed controverted as upon denial or avoidance, as the case may require, defendants in this case might, as they attempted to do in their parol testimony, admit the signing of the instruments set

up in the reply, but show the circumstances under which they were signed by way of avoidance. As was said in *Ross v. Insurance Co.,* supra, the plaintiffs "might have told the whole story in their petition" by pleading the written contract, in the first instance, and the note given in pursuance thereof, if such was the case. They chose not to do that, but to plead the contract and the memorandum in their reply, and the allegations pertaining to them must, under the statute, be regarded as controverted in any manner, by denial or avoidance, in which they could have been controverted in an answer had they been set up in a petition.

Appellees raise the question that the evidence offered on behalf of defendants, and which was excluded by the trial court, was not reoffered by them upon the hearing of the motion for a new trial. While there is a little confusion in the record, it appears to sustain appellees' contention. A part of the defendants' evidence on that question, however, was first admitted by the court and later stricken out on motion of plaintiffs, and this constitutes sufficient error to justify a reversal.

Judgment of the court below will be reversed and a new trial ordered.