No. 39,136

HELEN WEEDE, A. M. BUNYARD and C. E. HAMMOND, *Appellees*, v. JACK BANNON, *Appellant*.

(265 P. 2d 1025)

Opinion filed January 23, 1954.

*L. M. Kagey*, of Wichita, argued the cause, and *Max L. Hamilton* and *F. W. Prosser*, both of Wichita, were with him on the briefs for the appellant.

*Joe T. Rogers*, of Wichita, argued the cause, and *Roy L. Rogers*, of Wichita, was with him on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: This was an action to recover the purchase price of a cow in the sum of $365, and in addition thereto the difference between the purchase price and the amount which a "cancerous-eyed" cow brought on the open market, in the sum of $203.95.

From a judgment for plaintiffs in the amount of $365 defendant has appealed.

The facts are simple and, briefly stated, are as follow:

Plaintiffs were partners in the cattle business and operated a ranch at Coats. Defendant was a cattleman at Douglass. On or about September 1, 1951, plaintiffs Bunyard and Hammond (hereinafter referred to as plaintiffs) went to a pasture near Douglass to inspect some cattle owned by defendant. Their inspection completed, they contacted defendant personally and he told them there were sixty-one cows and one bull in the pasture, together with fifty-one or fifty-two calves. It was agreed that plaintiffs would purchase the sixty-one cows for $365 per head and the bull for $400. The calves were to be "thrown in." This lawsuit does not involve the bull or calves.

Plaintiffs hired a trucker to haul the cattle to their ranch at Coats and a day or two later he showed up with four cattle trucks at de-

fendant's pasture. Plaintiffs and defendant were present while the cattle were being loaded, as were several other persons. At this time defendant told plaintiffs that there were sixty-three cows instead of sixty-one, that the two additional ones were of the same quality as the others and that plaintiffs could purchase them for the same price if they desired. Plaintiffs accepted this offer. The four trucks were loaded and started down the highway, after which plaintiffs gave defendant their check in payment for sixty-three cows at $365 per head and the bull at $400. Plaintiffs had not as yet counted the cows.

Upon arrival at plaintiffs' ranch the cattle were unloaded and counted, at which time it was discovered there were only sixty-two cows and that one of them had a "cancerous eye." Plaintiffs immediately notified defendant of these facts, but attempts to negotiate the matter failed. The "cancerous-eyed" cow, not being fit to remain with the herd, was sold by plaintiffs on the open market for $161.05.

This action was brought to recover $568.95, the same representing $365 for the missing cow and the loss, $203.95, on the "cancerous-eyed" cow.

The case was tried by a jury which returned a verdict for plaintiffs in the sum of $365. No special questions were submitted to the jury, but it is conceded by the parties the verdict was for the value of the missing cow.

Defendant's motions for judgment notwithstanding the verdict and for a new trial were overruled. Judgment was entered upon the verdict and defendant has appealed, specifying error in (1) the overruling of his demurrer to plaintiffs' evidence; (2) rulings and instructions to the jury; and (3) the overruling of his motion for judgment notwithstanding the verdict.

In passing, it is noted that defendant does not specify as error the order overruling his motion for a new trial. That being the case, alleged trial errors, such as rulings on the admissibility of evidence and concerning instructions, are not open to appellate review. (*Brewer v. Harris,* 147 Kan. 197, 75 P. 2d 287; *Heniff v. Clausen,* 154 Kan. 717, 121 P. 2d 196; *Palmer v. Helmer,* 159 Kan. 647, 157 P. 2d 531; and *Holmes v. Kalbach,* 173 Kan. 736, 742, 252 P. 2d 603.) The other two alleged errors may be discussed together.

The gist of defendant's argument is that as plaintiffs' evidence established conclusively.that they did not count the cows before or

at the time of loading, as was, it is contended, their duty to do, plaintiffs, by accepting the cattle and paying for them, after a full and complete opportunity to inspect and determine the number, waived their rights in that respect and are now estopped to claim a shortage. In support of this contention defendant cites a number of general rules pertaining to inspection, delivery, payment and passing of title, as applied to the law of sales of personal property, and several of our decisions on the general subject matter, among them being *Hunter v. Kramer*, 71 Kan. 468, 80 Pac. 963; *Mercantile Co. v. Graves*, 74 Kan. 718, 88 Pac. 78; *Johnston v. Lanter*, 87 Kan. 32, 123 Pac. 719 (92 Kan. 257, 139 Pac. 1031; 98 Kan. 62, 157 Pac. 266); and *Wing v. Mid-Continent Seeds*, 170 Kan. 242, 225 P. 2d 78.

We have no fault to find with the rules announced in the authorities relied upon, but the trouble is in their application to the facts before us. For one thing, there was no evidence to indicate that a cow was lost in transit or ran away after being unloaded, as suggested by defendant. In fact, the testimony was to the contrary. There is no claim of fraud by any of the parties, and there is nothing in the record to indicate that they did not deal with each other in an open and aboveboard manner. Under all of the facts and circumstances, it would seem that plaintiffs had a right to rely upon defendant's statement as to the number of cows. Plaintiffs merely contend they bought and paid for sixty-three cows but received only sixty-two. Defendant contends he delivered sixty-three cows. That is all there is to this lawsuit. The jury accepted plaintiffs' version of the case and we know of no reason why the verdict and judgment rendered thereon should be disturbed.

No error has been shown and the judgment is therefore affirmed.