516

No. 29,430.

J. M. PHILLIPS (Revived in the Name of LEONA M. PHILLIPS, Administratrix), *Appellee,* v. THE EMPIRE OIL AND REFINING COMPANY, *Appellant.*

(292 Pac. 782.)

Opinion filed November 8, 1930.

*James W. Finley* and *Warren T. Spies,* both of Bartlesville, Okla., for the appellant.

*Edward E. Pedroja,* of Eureka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The plaintiff sought and obtained a judgment against the defendant for damages caused, as plaintiff alleged, by the defendant in discharging oil, salt water and chemicals from its gasoline plant into Willow creek, which flowed through plaintiff's pasture and operated to poison and kill plaintiff's live stock kept therein. The judgment rendered was for $500, and the defendant appeals.

The contention of defendant is that there is an absence of substantial testimony to sustain the verdict of the jury and the judgment of the court. During the years 1927 and 1928 the plaintiff had cattle and hogs in his pasture through which Willow creek passed. He offered testimony to the effect that water from the defendant's gasoline plant was turned into a ditch which ran into Willow creek, and that live stock which he placed in the pasture drank water from the creek, and shortly afterwards showed the effects of the poison so that the hair on the animals deadened and several of them died. Some calves of the herd that were taken out of the pasture soon began to revive and fleshen up, while those

that remained in the pasture died. Some testimony was adduced that was intended to show that hogs of plaintiff in the pasture had been poisoned, too, by the polluted water, and some of them had died from that cause. The jury found that damages to the hogs had been suffered to the extent of $234. On the motion for a new trial the court ruled that the claim of damages to the hogs had not been established by the proof, and eliminated that item from the verdict, but sustained the finding as to the injury and damage to the cattle. The elimination of the finding as to the hogs is not a subject of complaint by plaintiff. There was testimony in behalf of plaintiff that he put twenty-five head of cows in the pasture which before that time had been getting water elsewhere and were then in good condition, but soon afterwards they began to show deterioration, rough hair, and that they lost about 250 pounds in weight. There was evidence that the water, oil and gasoline solution was of a milky appearance, which came into the ditch from a pipe leading from the engine house of the plant, and that it colored the water in the creek. Witnesses testified that they found on tasting the water that it had a puckery, bitter and salty taste, and there was also a taste of oil in it. A witness said that plaintiff's cattle were in good condition in the winter, but in the following season when they were in the pasture they became thin, their hair stood on end, and appeared to be about ready to die. In the winter before they were put in the pasture they weighed about 1,050 to 1,100 pounds, but that later they fell off so as to weigh not more than 900 pounds. Another witness testified that a cow drank the water coming from the plant, and that on the evening of the same day she was taken sick. Another witness testified that cattle he had which drank salt water were injured by it and that five of them died, and that after fencing them away from the water no more of them died.

Evidence contradictory to that offered by plaintiff was produced by defendant to the effect that the water was not polluted or of such a character as to injure or kill animals that drank of it; that if the plaintiff's animals sickened and died it was the result of other causes. There is and can be no controversy over the proposition that anyone sustaining substantial injury to his live stock by the pollution of a stream flowing through his pasture from which the live stock drank the polluted water may maintain an action against the party causing the pollution and recover any actual damages thereby sustained. (*Gilmore v. Salt Co.*, 84 Kan. 729, 115 Pac. 541; *McDaniel v. City of Cherryvale*, 91 Kan. 40, 136

518

Pac. 899; *Russell v. Considine,* 101 Kan. 631, 168 Pac. 1095; *Knotts v. City of Coffeyville,* 118 Kan. 352, 234 Pac. 948.) The question in dispute between the parties is really one of fact which has been settled by the finding of the jury and the approval of the trial court. A reading of the record leads us to the conclusion that there is evidence to sustain the finding and judgment, and under the well-established rule the finding of the trier of the facts must control.

The judgment is affirmed.