No. 31,657

The Lake Superior Lumber Company, *Appellee*, v. The Homestead Building and Loan Association, *Appellant*. (R. R. Krehbiel and Anna Krehbiel, *Defendants*.)

(32 P. 2d 202.)

Opinion filed May 5, 1934.

*John Hamilton Wilson*, of Salina, for the appellant.
*James A. Cassler*, of McPherson, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to foreclose a mechanic's lien.

On July 7, 1931, The Homestead Building and Loan Association made a written contract to sell its codefendants, R. R. Krehbiel and Anna Krehbiel, certain real estate in McPherson, Kan., for a total consideration of $6,000, payable $50 down, the balance at the rate of $50 per month with interest; Krehbiels were to pay the taxes and to keep the improvements insured and, in event of default on their part, all rights and interest created or existing in their favor should cease and determine and the association should be entitled to possession, without any right in Krehbiels for reclamation or compensation for moneys paid or services performed. There were other provisions in the contract not necessary to notice here, but it was also provided as follows:

"It is part of the consideration herein that the second party (Krehbiels) spend not less than $1,000 within sixty days from August 1, 1931, on improvements and betterment to the buildings located hereon."

Pursuant to said contract Krehbiels entered into possession and in accordance with their contract caused improvements to be made, and for that purpose purchased of the plaintiff building materials amounting to $579.53. Demand for payment being refused, the plaintiff in due time filed its mechanic's lien statement showing that between July 13, 1931, and October 1, 1931, it sold to the Homestead Building and Loan Association "through R. R. Krehbiel, its representative and agent, and who also had an agreement for the purchase of said premises and was in possession of the said premises and was devoting his time to the improvement of the said premises," the materials shown in said statement. In its petition to foreclose its mechanic's lien, plaintiff set up the above facts and alleged further—

"That the contract of purchase wherein the said defendants R. R. Krehbiel and wife are given an equity in the said premises has not been recorded, but that the same was duly presented to the said plaintiff whereby and by means of which the said plaintiff did sell the said material and supplies herein alleged to the said defendants, and a copy of the said contract was left with the said plaintiff."

A copy of the contract was attached to the petition as an exhibit.

The defendant association filed a verified answer admitting ownership of the real estate and the execution of the contract, and deny-

ing that Krehbiel was its agent for any purpose. It likewise filed a cross petition against its codefendants, the Krehbiels, for immediate possession of the real estate involved. On May 12, 1933, the court rendered judgment on the cross petition in favor of the defendant association against its codefendants for immediate possession of the real estate. On June 20, 1933, the main action was tried. The journal entry of judgment shows that the plaintiff introduced its evidence and rested, and that the defendant offered no evidence. The court found that plaintiff sold the defendant "by virtue of its contract with the said R. R. Krehbiel" the materials set out in the lien statement, and that the same went into and became a part of the property, that the lien was properly filed and was proven in court and that plaintiff was entitled to judgment against the defendant association, and that the lien was a first and prior lien and should be foreclosed. Judgment was entered accordingly.

Without filing any motion for a new trial, the defendant association appealed to this court from the judgment in favor of plaintiff.

The appellee has filed a motion to dismiss for the reason that no motion for a new trial having been filed, the appeal will not lie.

Appellant in its brief states it was given a fair trial and a reasonable opportunity to present its defense and be heard on the merits, and that appellee absolutely proved the facts alleged in its petition, except the question of agency, and argues that under the admitted facts the question of agency was one of law, and a motion for a new trial is not required, citing *Perkins v. Accident Association*, 96 Kan. 553, 152 Pac. 786, wherein it was said:

"So, too, where the judgment is based upon the ascertained and undisputed facts a motion for a new trial is unnecessary, for in such case the sole question is the application of the law to established facts." (p. 555.)

The rule there laid down is not applicable here, for the record shows that agency was in issue and the journal entry shows that evidence was received and the court found that the appellee sold to the appellant the materials set forth in the mechanic's lien. There is no claim made that the evidence does not support the judgment, or if there was such a claim, it should have been urged to the trial court on a motion for a new trial. Where no motion for a new trial is filed, review is limited to the question whether the judgment is supported by the pleadings and findings of fact. (*Benson v. Rosebaugh*, 128 Kan. 357, 278 Pac. 41, and cases cited.)

It is not contended here that the pleadings and findings do not support the judgment, but rather that the evidence does not support the findings, a question not presented to the trial court in a proper manner by a motion for a new trial.

The motion to dismiss must be allowed. The appeal is dismissed.