No. 36,446

BERNICE JELINEK, *Appellee*, v. JOHN JELINEK, *Appellant*.

(168 P. 2d 547)

Opinion filed May 4, 1946.

*R. L. Hamilton*, of Beloit, argued the cause for the appellant.

*Peter F. Caldwell*, of Topeka, argued the cause, and *Edward Rooney* and *Jacob A. Dickinson*, both of Topeka, were on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: Plaintiff sued her husband for divorce upon the ground, among others, of extreme cruelty. She alleged that she and defendant are the owners of a described residence property in Beloit; that defendant is able-bodied and capable of earning a minimum of $150 per month; that plaintiff's health is in a precarious

condition; that she is in need of medical attention and is compelled to rely upon her own resources. She prayed for a divorce, division of property, alimony, court costs and attorneys' fees. The defendant's answer contained a general denial, alleged the parties were married December 9, 1922; that their children are grown; admitted the ownership of the property, and filed a cross petition for divorce upon the same grounds as those alleged by plaintiff.

The decree of the court recites the trial was had on May 9, 1945, each of the parties appearing in person and by an attorney; that "plaintiff introduced her evidence and rested. The defendant elected to introduce no evidence under his cross petition and confined his evidence to the matter of the division of property and the allowance of alimony."

At the conclusion of the evidence the court found "for the plaintiff and against the defendant, and finds the defendant guilty of extreme cruelty; that the plaintiff should be given a divorce from the defendant." The court further found that plaintiff was the owner of the residence property in Beloit and that the property should remain the property of plaintiff; that the household goods then in the Beloit property should belong to plaintiff, and that plaintiff should be given a judgment for alimony against defendant in the sum of $500, payable at the rate of $25 per month; also found a stated sum should be allowed on plaintiff's attorneys' fees. Judgment was rendered in harmony with these findings.

No motion for a new trial was filed.

On May 16, 1945, defendant filed his notice of appeal.

In this court appellant contends (1) that the court erred in granting a divorce; (2) that the judgment is contrary to the law under the evidence and that the evidence is insufficient to support the finding of extreme cruelty; (3) that the court erred in awarding the property to plaintiff; (4) in allowing $500 alimony to plaintiff; and (5) that the allowance of all the property and $500 alimony was beyond the court's discretion under the evidence.

The record before us does not present for review the questions relied upon by appellant. It is well settled that in the absence of a motion for a new trial the questions which this court can consider are those only which arise upon the pleadings and upon the facts found. The rule is well stated in *Lake Superior Lbr. Co. v. Homestead B. & L. Ass'n*, 139 Kan. 565, 32 P. 2d 202, as follows:

"Where no motion for a new trial is filed, review on appeal is limited to the question whether the judgment is supported by the pleadings and findings of fact, and inquiry will not be made as to whether the evidence supports the findings of fact." (Syl.)

See *Morgan v. Morgan,* 146 Kan. 880, 73 P. 2d 1105, to the same effect. Also, see to the same effect, *Benson v. Rosebaugh,* 128 Kan. 357, 278 Pac. 41, where, before the submission of the case to this court on its merits, an abstract of the evidence was stricken upon motion of appellee. See, also, *Erskine v. Dykes,* 158 Kan. 788, 150 P. 2d 322. Many other cases are cited in the opinions above mentioned.

The record before us, therefore, presents no legal question for our determination.

We should say that counsel appearing here for appellant did not represent him in the trial court. We may further say, for the solace of the appellant, that we have examined the abstract of evidence presented and find ample, competent, substantial evidence to sustain each of the court's material findings.

The judgment of the court below is affirmed.