No. 38,746

C. J. BILLUPS and E. VON LEHE, a copartnership, doing business as the B Truck Lines, *Appellants* and *Cross-Appellees*, v. AMERICAN SURETY COMPANY, a corporation; JOHN ELSESSER, and THE HENSEL TRANSFER & WAREHOUSE COMPANY, a corporation, of Sheboygan, Wisconsin, et al., *Appellees* and *Cross-Appellants*.

(251 P. 2d 237)

Opinion filed December 6, 1952.

*Harold Doherty,* of Topeka, argued the cause, and *G. Clay Baker, Roy N. McCue* and *Howard F. McCue,* all of Topeka, were with him on the briefs for the appellants and cross-appellees.

*Ralph W. Oman,* of Topeka, argued the cause, and *Robert Stone, James A. McClure, Robert L. Webb, Robert A. McClure* and *James D. Waugh,* all of Topeka, were with him on the briefs for the appellees and cross-appellants.

The opinion of the court was delivered by

THIELE, J.: This action was one for damages arising from a collision of three trucks.

This is the second appearance of the case in this court. A previous appeal, involving rulings on motions directed against the petition and its sufficiency to state a cause of action, was determined in *Billups v. American Surety Co.,* 170 Kan. 666, 228 P. 2d 731, it being held the petition stated a cause of action. Thereafter the defendants answered, a trial was had and the jury answered special questions submitted and rendered a general verdict in favor of the plaintiffs for the sum of $3,178.11, made up of repairs in the amount of $2,328.11, loss of the use of the truck in the amount of $500, and wrecker expense in the amount of $350. In due time the plaintiffs filed their motion for a new trial limited to the amount of damages for loss of use and profits, and the defendants filed their motion to set aside a part of an answer to a special question fixing cost of repairs on the ground it was unsupported by and contrary to the evidence, for an order modifying the general verdict by reduction, and that judgment be rendered for plaintiffs for the amount remaining. Upon the hearing of these motions the trial court concluded both should be denied and that, after considering the verdict and the answers to special questions, the verdict should be approved, and accordingly it rendered judgment in favor of the plaintiffs for $3,178.11.

In due time plaintiffs appealed from the ruling on their motion and from all rulings excluding their evidence to establish the particular damages, sustaining defendants' demurrer to that particular evidence and refusing to give requested instructions pertaining to such evidence. In due time defendants cross-appealed from the ruling on their motion and from the judgment against them.

To avoid confusion the parties will be referred to as they appeared in the trial court.

In the opinion above mentioned, the greater part of the petition is quoted and reference thereto is made. It is here noted that the

defendant Wilkening there named was absolved of liability at the trial and that he and his insurance carrier are not parties to the present appeal. Insofar as need be stated, the substance of plaintiffs' petition against defendants, Hensel Transfer & Warehouse Company, its driver and its insurance carrier, was that plaintiffs were the owners of a 1948 White tractor and a 1945 32-foot Wilson trailer and that Hensel was the owner of another truck; that on January 11, 1949, as a result of Hensel's negligence, plaintiffs' truck and trailer were knocked into a ditch, and that plaintiffs were damaged in the sum of $2,328.11 for the cost of repairs, in the sum of $350 for wrecker service and in the sum of $500 for loss of use in transporting livestock. The above items are not involved in plaintiffs' appeal. However, they further alleged that "on or about the 3rd day of February, 1949, the War Department attempted to lease the truck from plaintiffs at an hourly rate of $13.75 for the purpose of transporting feed and other commodities to the snowbound area of Wyoming and the Dakotas" (l. c. 669) and that because of the accident they were unable to lease the truck and lost the net sum of $6,145.

With reference to the plaintiffs' appeal, unless the trial court erred in excluding evidence there was no error in the ruling on defendants' demurrer to plaintiffs' evidence nor in its refusal to give requested instructions.

It would extend this opinion to undue length and serve no useful purpose to detail the questions asked by plaintiffs in their efforts to get before the jury the question whether they had an opportunity to lease their truck to the War Department, to repeat such showing as they made in the absence of the jury in the nature of an offer of proof, and a later offer made at the conclusion of all of the evidence but immediately before the jury was instructed, nor the details of depositions offered but not received. It does not appear that on the hearing of the plaintiffs' motion for a new trial any effort was made to show, as required by G. S. 1949, 60-3004, any evidence included in offers made, other than such as appeared when testimony was taken in the absence of the jury or in the depositions, but we shall not presently point out any failures, for the sum and substance is that the trial court, after calling attention to the fact that the accident occurred January 11, 1949, and that the proposal to lease the truck was not made until February 4, held the matter of leasing to the War Department was too remote.

Insofar as this excluded evidence is concerned, a review of it discloses without dispute that on February 3, 1949, the War Department did communicate with plaintiffs about the use of trucking equipment; that what it wanted was tractors and lowboys; that plaintiffs did have one such outfit and leased it and that the War Department made no effort to lease plaintiffs' tractor and trailer. If the excluded evidence had been received the only conclusion to be drawn must have been that plaintiffs had no opportunity to lease to the War Department the damaged truck, even though it had not been damaged.

In view of appellants' contentions later discussed, we note that although the evidence bearing thereon is not abstracted, it is rather clear from what is said that plaintiffs' truck and trailer were equipped for hauling cattle, and were being used for that purpose between Clyde, Kan., and Kansas City, Mo., and that the verdict included loss of use for that purpose in the sum of $500, of which no complaint is made. We are not advised as to the specific time covered by the above amount.

Preliminary to discussion of plaintiffs' contentions, certain general principles of law should be mentioned. The underlying principles governing an award of damages are the same whether the action is in tort or on contract (25 C. J. S. 462, and *Skinner v. Gibson,* infra, 434); damages for breach of contract are such as arise naturally from the breach and are reasonably within the contemplation of the parties (25 C. J. S. 481) and there may be recovery for loss of profits consequent upon tort if they are such as may naturally be expected to follow from the wrongful act and if they are certain, but there may be no recovery where the profits are uncertain, speculative or remote (25 C. J. S. 523).

In *Enlow v. Hawkins,* 71 Kan. 633, 81 Pac. 189, it was held:

"One who commits a tortious act is liable for the injury and loss that are the natural and probable result of his wrongful act." (Syl. ¶ 1.)

In support of their contention the excluded evidence should have been received, and if received and believed, they would have been entitled to recover, plaintiffs direct our attention to *Skinner v. Gibson,* 86 Kan. 431, 121 Pac. 513, where a lessee sought recovery of damages for loss on cattle occasioned by the fact a pasture was not as large as represented, and to introduce evidence as to loss of flesh because of shortage of pasture, such evidence being refused admission. In holding there was error this court held:

"It is a general rule that damages may be recovered when they arise naturally —that is, according to the usual course of things—from the breach of a contract, or are such as may reasonably be supposed to have been in the contemplation of the parties at the time they entered into it." (Syl. ¶ 1.)

The rule stated was referred to approvingly in *Chicago Rivet & Mach. Co. v. Capital City Lumber & P. Mill,* 158 Kan. 5, 11, 145 P. 2d 171.

Plaintiffs also rely on *Lester v. Doyle,* 165 Kan. 354, 194 P. 2d 917, where it was held:

"A proper measure of damages for an injury to a truck which could be repaired so that when repaired it would be in as good condition as before the injury, is the reasonable cost of repairs, plus the reasonable value of the use of the truck while being repaired with ordinary diligence, but not exceeding the value of the truck before the injury." (Syl. ¶ 1.)

Plaintiffs also cite *Phillips v. Empire Oil and Refinery Co.,* 131 Kan. 516, 292 Pac. 782, and *Holden v. Great Lakes Pipe Line Co.,* 139 Kan. 71, 29 P. 2d 1076. Neither of these cases touches admissibility of evidence. The *Phillips* case was for damages for pollution of a stream from which cattle drank and were injured and it was held the evidence supported the judgment. In the *Holden* case, which was of similar character, this court ordered a remittitur of an amount not established by the evidence. Neither opinion discussed measures of damages nor how damages might be proved.

The authorities relied on by plaintiffs do not support their contention, in fact they refute it when the facts are considered. When dates are borne in mind, it may hardly be said that it was a natural and probable result of a collision of trucks negligently caused by defendants on January 11, 1949, that thereafter there would be a severe storm in Wyoming and the Dakotas and that the War Department, in an effort to assist persons in such states, would lease certain equipment to accomplish that purpose. And even if that be conceded, the excluded evidence shows the War Department did not want and did not lease plaintiffs' tractor and truck, which were constructed for and devoted to cattle hauling.

In view of what has been said we need not discuss any insufficiency in the proffered but excluded evidence to establish with certainty the value of the claimed loss of use, or that a statement by one of the plaintiffs as to such value was hearsay and improper.

We are of the opinion the trial court did not err in holding the proffered evidence was too remote and the plaintiffs' appeal is not sustained.

We come now to the defendants' cross-appeal. As has been noted, after the jury had returned its verdict, defendants filed their motion directed at a part thereof. It was entitled "Motion for Judgment Notwithstanding the Verdict," but the body of it, in substance, was that the court set aside the item of $2,328.11 as found by the jury in answer to a special question for the reason it was unsupported by and contrary to the evidence, that the verdict be modified by a reduction of that amount and that a judgment be rendered in favor of plaintiffs for the remaining sum of $850.

Plaintiffs object to any consideration of the appeal for two reasons —that a motion for judgment *non obstante* concedes the answers to special questions submitted are supported by the evidence, and that defendants did not file any motion for a new trial and thereby waived any question as to the sufficiency of the evidence to support the answers and the verdict.

In answer to those objections defendants say that the title of their motion was immaterial; that their motion was not a concession the answers were supported by the evidence, but a challenge thereof, and that their motion did direct the trial court's attention to the sufficiency of the evidence; that only a question of law was involved and they should be heard.

Consideration requires a short review of the record before us. Neither the abstract nor the counter-abstract includes any of the testimony as to the condition of plaintiffs' truck after the collision but that it was damaged is not denied. In connection with proof of damages, apparently there was no question as to the sufficiency of the proof of the item of wrecker service amounting to $350, nor of loss of use in trips to Kansas City amounting to $500. In proving repairs made to the truck in the claimed amount of $2,-328.11, defendants objected to repair bills offered in evidence and witness's statement the bills were paid, their objections being that the bills were no evidence of the reasonable value of repairs and that they should not be received in evidence. These objections were overruled. At the conclusion of the testimony and after both sides had rested, defendants demurred to that portion of plaintiffs' evidence respecting loss of profits and loss of use of the truck and moved the court to take such evidence from the jury, and "that no matters of damage be offered the jury for their consideration other than the amount of the reasonable repairs claimed by the plaintiff and the item of $500 made up of an alleged loss of use of

four—loss of use of the truck for making four trips to Kansas City at the rate of $125 per trip." Thereafter the trial court instructed the jury with reference to the claim for repairs and no objection was made thereto by either party. After the jury had returned its answers to special questions and its general verdict, the motion now under consideration was filed.

We shall devote no time to plaintiffs' contention that defendants' motion was in fact a motion for judgment on the answers to special questions notwithstanding the verdict. If that were true, it would not affect right to be heard, but might preclude relief. It is apparent however that the title is misleading and that the tenor of the motion is such that it may not be said there was any admission by it that the answers to the special questions were supported by the evidence.

Was a motion for a new trial required as a prerequisite to an appeal wherein the sufficiency of evidence is the question involved? It is not to be debated that any error in the admission of testimony was a trial error. In *Morgan v. Morgan,* 146 Kan. 880, 73 P. 2d 1105, it was said:

"It has been decided many times that in the absence of a motion for a new trial, mere trial errors are not open to appellate review. These include rulings of the trial court on . . . the admission or exclusion of evidence, the sufficiency of evidence, erroneous instructions to the jury . . . Our reports are laden with decisions supporting this rule."

Many of such decisions are cited in that opinion. Others may be found in West's Kan. Dig. App. & E. § 281, and Hatcher's Kan. Dig. (R. Ed.) App. & E. §§ 366, 372, 378. Stated in another way, the rule is that in the absence of a motion for a new trial the questions which this court can consider on appeal are those only which arise upon the pleadings and upon the facts found. See *Jelinek v. Jelinek,* 161 Kan. 362, 363, 168 P. 2d 547, and cases cited.

Defendants argue these motions presented only a question of law and that a motion for a new trial was not necessary. In support they cite *Glenn v. Montgomery Ward & Co.,* 160 Kan. 488, 494, 163 P. 2d 427, where it was said that a motion for judgment upon answers to special questions notwithstanding the general verdict presents a question of law and if the same is overruled and judgment entered on the general verdict, defendant may appeal without a motion for a new trial. The above case does not support the contention made for the motion for judgment *non obstante* admitted the answers were supported by the evidence. The only question there was one

of law—did the special findings support the verdict or upset it? Here the motion disputes the answers, and only a resort to the evidence will disclose whether that is true or not.

Defendants also argue that this court, in passing upon whether there is sufficient evidence to sustain an answer to a special question, considers only the evidence tending to support the finding under attack, and if it finds the answer is not supported by the evidence, it may set aside the answer and render judgment upon the verdict as modified, citing *Walker v. Colgate-Palmolive-Peet Co.,* 157 Kan. 170, 192, 139 P. 2d 157. A sufficient answer is that in that case in the trial court there was a motion to set aside answers to special questions, a motion for judgment *non obstante,* and a motion for a new trial, and what we said was in view of all the motions.

We cannot agree with the defendants' contentions. Whether their objections to the evidence were properly overruled and whether the evidence received was sufficient to make a prima facie case and to support the answers to the special questions and the verdict, required a re-examination of the facts shown, and under our decisions above mentioned, such a re-examination could only be made by challenge in a motion for a new trial.

In defendants' brief there is an inferred but not a specific argument that their motion raised the same questions as a motion for a new trial and it should be treated as such, but they cite no authority to sustain it. We do note that in *Barnhill v. Miller,* 114 Kan. 73, 217 Pac. 274, defendants filed a motion to have certain answers to special questions set aside and to make answers in opposition thereto, and a motion somewhat similar in character to that now under consideration. On denial, appeal followed. Appellees urged that appellants could not be heard for the reason no motion for a new trial had been filed. This court held it would be technical to refuse appellant a hearing and that the motion filed would, for the purpose of presenting the case for review, be held the equivalent of a motion for a new trial. Our research does not disclose the case has ever been followed on the point, nor has the point been discussed in any other case. We think it should not be followed here. It is clear from the record and from the motion that defendants did not ask for nor did they want a new trial, nor does their argument in this court indicate they want one now. What they do desire is the converse—they want plaintiffs' judgment reduced by reason of trial errors, but without any opportunity left to

the plaintiffs if there was trial error. The very course of what transpired at the trial shows that defendants objected to the introduction of the evidence on cost of repairs, a trial error if their objection was good. Thereafter the demurrer interposed by them to plaintiffs' evidence was a concession the evidence on cost of repairs should be considered by the jury. They did not object to the instruction to the jury. That they now desire a review of a trial error is clear. In our opinion the defendants' motion was not the equivalent of nor should it be treated as a motion for a new trial. In the absence of a motion for a new trial, defendants have no right to be heard.

The judgment of the trial court is affirmed.