No. 40,904

IRA M. MARSHALL, *Appellee,* v. PATRICIA ANN BAILEY, *Appellant.*

(327 P. 2d 1034)

Opinion filed July 7, 1958.

*Stanley R. Roose,* of Topeka, argued the cause, and *Milford M. Magee,* of Topeka, was with him on the briefs for appellant.

*Robert R. Jones,* of Topeka, argued the cause, and *Clarence J. Malone* and *William R. Brady,* of Topeka, were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This was an action to cancel a warranty deed; for an accounting between the parties, and for possession of certain personal property. Trial was by the district court which found generally for the plaintiff, and the defendant has appealed.

The plaintiff is a widower over 65 years of age; the defendant is a married woman in her late twenties, and both reside in Topeka.

Plaintiff's petition was in three causes of action. The first was to set aside a deed to real estate located at 1434 Randolph, Topeka, which plaintiff conveyed to defendant as security for an advancement of cash to enable him to settle two lawsuits pending against him; the second was to recover possession of a diamond ring plaintiff had left with defendant for safekeeping upon her promise to return it upon request, and the third was to recover possession of an electric vacuum cleaner and an Ironrite ironer plaintiff purchased and which defendant persuaded him to have delivered to her residence for her use upon her promise to return them whenever he requested.

In her answer and cross-petition defendant admitted plaintiff conveyed the real estate to her and alleged she paid $6,000 in cash as consideration therefor. Her answer also admitted plaintiff purchased the two electrical appliances, but alleged they were given to her in satisfaction of a pre-existing debt for meals which she had furnished the plaintiff. Her cross-petition contained three causes of action. The first was for meals she had served plaintiff at an agreed price of $1 per meal between July 15, 1955, and June 6, 1956, totaling in the sum of $261. The second was to recover on a promissory note plaintiff had executed and delivered to her on May 15, 1956, in the sum of $350, with interest thereon from date at five percent per annum. The third was to recover the reasonable rental value of the Randolph Street property from July 25, 1956, to March 25, 1957, at $85 per month for eight months, totaling $680. Plaintiff's reply and answer denied all the allegations of the defendant's answer and cross-petition.

With the issues thus formed, the district court found that the deed given by the plaintiff to the defendant was not an absolute conveyance but was intended only as security for the repayment of such advances as the defendant would pay to the plaintiff; that the defendant made one advancement on May 15, 1956, in the sum of $350; that the deed should be set aside as an absolute conveyance and title to the real estate be declared to be vested in the plaintiff free and clear of any right, title or interest of the defendant except that the plaintiff repay to defendant the amount of the advancement with interest; that the defendant be declared to have a lien against the real estate in the amount of $350 to be subject to foreclosure by the defendant in the event plaintiff failed to make repayment; that the defendant be ordered to return to the plaintiff the diamond ring, the electric sweeper and the Ironrite ironer, and that until those articles were returned, plaintiff was not required to repay the $350.

On May 15, 1957, judgment was rendered in harmony with those findings. The appeal is from that judgment. No motion for a new trial was filed and defendant's specification of error is quoted in full:

"The evidence in this action was insufficient to support judgment cancelling defendant's deed and giving plaintiff possession of diamond ring, vacuum cleaner and ironer and in denying defendant's Cross Petition, wherein defendant sought recovery of value of meals supplied plaintiff, or in the alternative, for possession of two household appliances."

Pursuant to G. S. 1949, 60-3310 this court permitted the defendant to amend her notice of appeal to include orders overruling (1) her motion for judgment on the pleadings; (2) her motion for judgment on plaintiff's opening statement, and (3) her demurrer to plaintiff's evidence. Upon application, the defendant was permitted to amend her specifications of error to include that the district court erred in overruling (1) her motion for judgment on plaintiff's opening statement, and (2) her demurrer to plaintiff's evidence; also, that the pleadings and the undisputed facts were insufficient to sustain the judgment.

With the exception of the correctness of the ruling on defendant's demurrer to plaintiff's evidence, the specifications of error are directed to trial errors and the insufficiency of plaintiff's evidence to support the judgment. Thus, appellate review of the record is limited to the question of whether the judgment is supported by the findings and the pleadings (*Benson v. Rosebaugh,* 128 Kan. 357,

278 Pac. 41; *Lake Superior Lbr. Co. v. Homestead B. & L. Ass'n,* 139 Kan. 565, 32 P. 2d 202; *Jelinek v. Jelinek,* 161 Kan. 362, 168 P. 2d 547; *Jeffers v. Jeffers,* 181 Kan. 515, 313 P. 2d 233), and whether the district court erred in overruling defendant's demurrer to plaintiff's evidence. It has been decided many times that in the absence of a motion for a new trial, trial errors are not open to appellate review. These include rulings of the district court on dilatory pleas, orders setting the cause for trial, denial of additional time to plead, the overruling of a motion for judgment on counsel's opening statement, the admission or exclusion of evidence, the sufficiency of evidence to support the judgment, the erroneous instructions to the jury, misconduct of court or counsel, and general miscellaneous irregularities of procedure and practice for which new trials may be granted on timely motion of a defeated litigant. (*Morgan v. Morgan,* 146 Kan. 880, 73 P. 2d 1105; *Holton v. Holton,* 172 Kan. 681, 243 P. 2d 222; *Billups v. American Surety Co.,* 173 Kan. 646, 251 P. 2d 237; *State, ex rel., v. Miller,* 176 Kan. 175, 268 P. 2d 964; *Brewer v. Hearne Motor Freight Lines, Inc.,* 179 Kan. 732, 297, P. 2d 1108; *Jeffers v. Jeffers,* supra.)

We first discuss the correctness of the order overruling defendant's demurrer to plaintiff's evidence. Plaintiff introduced evidence tending to show that in April, 1956, he executed a deed to his homestead to the defendant as security for an advancement of $350 which he needed to settle two lawsuits then pending against him. There was also evidence which showed that through his acquaintance with the defendant over a period of years he had visited in the home of defendant and her husband on many occasions and both purported to be very good friends of his; that plaintiff was nervous and in an overwrought condition due to the pending lawsuits and that defendant and her husband told him they had his best interests at heart and wanted to help him handle his affairs; that he was persuaded by the defendant and her husband to execute the deed through misleading statements that if he did not convey the real estate to them those who had filed the lawsuits against him might take it; that he had left the diamond ring with defendant for safekeeping, which she promised to return to him on his request and that she would not return the ring when requested to do so; that he had loaned the defendant a General Electric vacuum cleaner and an Ironrite ironer to ease her housekeeping burdens, and that the defendant claimed the plaintiff gave them to her to apply on or to pay for a board bill.

We have examined the record and it would serve little purpose to set forth in detail all of plaintiff's evidence but suffice it to say the evidence was sufficient to establish plaintiff's causes of action, and the trial court did not err in overruling the defendant's demurrer. The well-established rule in this jurisdiction is that,

"In testing the sufficiency of evidence as against a demurrer, the court shall consider all of plaintiff's evidence as true, shall consider that favorable to plaintiff, together with all reasonable inferences to be drawn therefrom, and disregard that unfavorable to plaintiff, and shall not weigh any part that is contradictory, nor weigh any differences between her direct and cross-examination, and if so considered, there is any evidence which sustains plaintiff's case, the demurrer should be overruled." (*Cain v. Steely*, 173 Kan. 866, 252 P. 2d 909, Syl. ¶ 3.)

See, also, *Harral v. Kent Corporation*, 168 Kan. 322, 212 P. 2d 356; *Hukle v. Kimble*, 169 Kan. 438, 219 P. 2d 434; *Revell v. Bennett*, 162 Kan. 345, 176 P. 2d 538; *Messinger v. Fulton*, 173 Kan. 851, 252 P. 2d 904. Furthermore, the defendant did not stand upon her demurrer but elected to introduce evidence in her defense. The rule is well settled that evidence offered by a defendant which supplied any lack in plaintiff's proof will be considered in determining the correctness of an order overruling a demurrer. (*Lechleitner v Cummings*, 159 Kan. 171, 152 P. 2d 843.) See, also *Wilson v. Holm*, 164 Kan. 229, 188 P. 2d 899, and *Ziegelasch v. Durr*, 183 Kan. 233, 326 P. 2d 295.

We have reviewed plaintiff's petition and are of the opinion the allegations support the judgment that the deed was intended as a mortgage although no existing debt was alleged to exist when it was executed, but only an agreement that the defendant would make future advances to the plaintiff in cash. While it is true the rule in this jurisdiction is that a deed may only be construed as a mortgage where there is an existing debt (*Holuba v. Floersch*, 142 Kan. 601, 606, 50 P. 2d 1004) nevertheless a deed which is absolute in its terms may be construed to be a mortgage, as between the parties, upon proof of an obligation to be secured by it pursuant to a contract for future advances made contemporaneously with its execution (59 C. J. S., Mortgages, § 37, pp. 73, 74; *Hess v. Hess*, 164 Kan. 139, 142, 187 P. 2d 383). The district court found that the deed, when executed, was intended by the parties as security for the repayment of advancements made by the defendant and that one was made on May 15, 1956, in the sum of $350. The sum advanced was definite in amount and was enforceable by an action at

law or by foreclosure proceedings. That upon the return of the diamond ring and the electrical appliances the defendant may institute foreclosure proceedings for the enforcement of her mortgage lien should the plaintiff fail to repay the amount found to be due.

Defendant's complaint that there is no specific allegation that the diamond ring was ever in her possession is not well taken. Plaintiff's allegation that he demanded return of the ring and of defendant's refusal to return it infers that the ring was and is in the defendant's possession. We find no reason why plaintiff's petition is insufficient to support the judgment.

Error is never presumed and the defendant had the burden in this case to affirmatively show reversible error. She has not sustained this burden. Our review of the record compels an affirmance of the judgment of the district court.

It is so ordered.