No. 41,203

HARRY SHELTON and LOUISE SHELTON, *Appellants,* v. B. W. SIMPSON and ELSIE P. SIMPSON, *Appellees.*

(336 P. 2d 159)

Opinion filed March 7, 1959.

*F. H. Dillenback,* of Troy, and *Maurice Pope,* of St. Joseph, Missouri, were on the briefs for appellants.

*Robert A. Reeder,* of Troy, argued the cause, and *George T. Van Bebber,* of Troy, was with him on the briefs for appellees.

The opinion of the court was delivered by

FATZER, J.: In this action plaintiffs sought to enjoin the defendants from using a roadway across their land. A jury was waived and trial was by the court. Extensive and detailed findings of fact together with conclusions of law were made by the trial court and judgment was entered for the defendants under the principle of equitable estoppel in that plaintiffs were estopped from denying use of the roadway. A motion for a new trial was timely filed and overruled, and plaintiffs appeal from the judgment rendered in favor of the defendants and from the order overruling their motion for a new trial.

At the outset, we are confronted with a contention which must be disposed of before the merits of the appeal may be considered. The defendants direct attention that the order overruling the motion for a new trial was not specified as error and contend that since only trial errors are specified, the scope of appellate review is limited to the question whether the judgment is supported by the pleadings and findings of fact, and cite *McCarty v. Kansas-Nebraska Natural Gas Co.*, 176 Kan. 386, 271 P. 2d 264; *McIntyre v. Dickinson*, 180 Kan. 710, 307 P. 2d 1068; *Reger v. Sours*, 181 Kan. 423, 311 P. 2d 996, and *Binder v. Local Union No. 685*, 181 Kan. 799, 317 P. 2d 371. Because of their importance to the decision of this case, the specifications of error are quoted:

"1. The Court erred in the judgment made and entered in this cause:

"(*a*) That under all the evidence Appellants, the record owners of the land herein involved, made no admissions and made no declarations and did no acts upon which can be predicated an equitable estoppel as to the Appellees.

"(*b*) That the Court erred in not sustaining the plaintiffs' motion which would have required defendants to elect between defenses which were inconsistent.

"(*c*) That the findings of fact and conclusions of law are not supported by the evidence."

Although the appeal is from the order overruling the motion for a new trial, plaintiffs fail to specify that ruling as error. Harsh as the rule may be, this court has repeatedly held that errors relating to matters occurring at the trial for which a new trial is asked cannot be considered on appeal unless the action of the trial court in overruling the motion is specified as error. (*McIntyre v. Dickinson*, supra, and authorities cited therein; *Binder v. Local Union No. 685*, supra; *Reger v. Sours*, supra; *State v. Turner*, 183 Kan. 496,

328 P. 2d 733.) See, also, *Ogilvie v. Mangels,* 183 Kan. 733, 332 P. 2d 581, wherein it was said:

"Since the order on the motion for new trial was not specified as error in the case at bar, it reaches this court as if no motion had been filed, since we cannot consider that motion. (See plethora of cases cited Hatcher's Kan. Dig., Appeal & Error, §§ 175, 181; West Kan. Dig., Appeal & Error, § 719 [10].)" (l. c. 735.)

This court has held that trial errors including rulings of the trial court on dilatory pleas, orders setting the cause for trial, denial of additional time to plead, the overruling of a motion for judgment on counsel's opening statement, the admission or exclusion of evidence, the sufficiency of evidence to support the judgment, erroneous instructions to the jury, misconduct of court or counsel, and general miscellaneous irregularities of procedure and practice for which new trials may be granted on timely motion of a defeated litigant (*Marshall v. Bailey,* 183 Kan. 310, 313, 327 P. 2d 1034).

It is clear that each of plaintiffs' specifications relates to trial errors: (*a*) requests a review of the evidence to determine whether plaintiffs made admissions or declarations or acts upon which equitable estoppel could be predicated; (*b*) requests a review of a pretrial motion to require defendants to elect between defenses which were claimed to be inconsistent, and (*c*) requests a review of the findings to determine if they were supported by substantial evidence. While these alleged errors were urged to the trial court on motion for a new trial, the plaintiffs are required, in addition to appealing from the order overruling that motion, to specify such ruling as error to obtain appellate review. Thus, there remains for consideration the question whether the pleadings and findings of fact support the judgment entered in defendants behalf. (*Benson v. Rosebaugh,* 128 Kan. 357, 278 Pac. 41; *Lake Superior Lbr. Co. v. Homestead B. & L. Ass'n,* 139 Kan. 565, 32 P. 2d 202; *Jelinek v. Jelinek,* 161 Kan. 362, 168 P. 2d 547; *Jeffers v. Jeffers,* 181 Kan. 515, 313 P. 2d 233; *Marshall v. Bailey,* 183 Kan. 310, 327 P. 2d 1034.)

Plaintiffs made no contention that the judgment is not supported by the findings of fact. With respect to the pleadings, it would serve little purpose to set them out, but suffice it to say they have been carefully examined and they present the issues upon which evidence of both parties was introduced and upon which the trial court based its findings of fact and conclusions of law.

Our review of the record compels an affirmance of the judgment of the trial court.

It is so ordered.