No. 33,691

C. C. BREWER, doing business as the BREWER MOTOR COMPANY, *Appellee*, v. WILLIAM H. HARRIS et al., *Defendants;* THE FIRST NATIONAL BANK OF MANHATTAN, Interpleader, *Appellant;* THE MASSACHUSETTS BONDING AND INSURANCE COMPANY, Interpleader, *Appellee.*

(75 P. 2d 287)

Opinion filed January 29, 1938.

*George Clammer,* of Manhattan, for the appellant.

*Charles Hughes, C. Harold Hughes, Hal E. Harlan,* all of Manhattan, and *John Murphy,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This case comes before this court on an appeal by the interpleader, First National Bank of Manhattan, in the suit of Brewer against Harris from a judgment rendered against the interpleader in the district court of Riley county.

This is a controversy between three claimants of a fund in the hands of the state highway commission, each claimant contending that he has the prior right to have said fund applied to the satisfaction of his claim. The fund in question consists of the final estimates due from the state of Kansas to one Wm. H. Harris on certain road contracts performed by Harris for the state highway commission.

Suit was originally instituted by C. C. Brewer, doing business as the Brewer Motor Company at Manhattan, against Wm. H. Harris for recovery upon a promissory note. After filing the petition, and before judgment, a garnishment summons was issued to the state of Kansas to subject funds due Harris from the state highway commission, in the amount of $3,122.10, to the payment of Brewer's claim. Thereafter the auditor of state filed his answer admitting a contingent liability to Harris in the above amount, but stated that the First National Bank of Manhattan and the Massachusetts Bonding and Insurance Company each claimed some interest in the garnished fund, and asked that they be interpleaded in the garnishment action.

Thereafter judgment was rendered in favor of C. C. Brewer against Harris in the amount of $1,935.54, the interpleaders were duly served with summons and made parties defendant to the garnishment action, and the state of Kansas paid the sum of $3,122.10 into the office of the clerk of the district court of Riley county.

The issues framed by the pleadings and the contentions of counsel presented only the question of priority of claims between the various claimants to the garnished fund. Plaintiff Brewer claims priority to the fund by reason of his garnishment of the fund and his judgment against the defendant Harris. The interpleader, First National Bank, claims priority to the fund by reason of a purported assignment from defendant Harris to the proceeds of certain construction contracts by reason of which the state of Kansas was indebted to defendant Harris in the amount garnished. The interpleader, Massachusetts Bonding and Insurance Company, claimed a priority to the fund upon the theory that it was entitled to an equitable lien by reason of its position as surety for the contractor Harris, and its alleged liability for unpaid material and labor bills incurred in the performance of the contracts for road construction by Harris.

The First National Bank asserts that on or about the 30th of January, 1936, Wm. H. Harris, a contractor, contemplated placing his bids for certain road-construction work with the State Highway Commission of Kansas, and later was awarded the contract for such construction. Harris applied to the bank for a line of credit to finance such construction work. The answer of the defendant bank states: "That on or about said January 30, 1936, he orally proposed to respondent that if respondent would advance the funds necessary to be paid by him upon said jobs for material and labor, he would

cause the checks issued by the state highway commission in payment of his contract obligations to be delivered by such commission to this respondent. This respondent, in reliance upon said proposal, thereupon agreed to finance said defendant."

A statement from the state highway commission, attached to the affidavit of the garnishee, contains the following:

"You are further advised that under date of May 5 the highway commission received a letter from Wm. H. Harris asking that all estimates be mailed to the First National Bank of Manhattan, which letter was answered under date of May 20. That copies of such correspondence are hereto attached marked exhibits 'E' and 'F.' That the highway commission did not understand that such correspondence was in any wise intended as an assignment but merely as an address and that the answer of the highway commission dated May 20, 1936, is a form letter used to answer all similar requests and is in words identical with other letters written to banks and particularly letter dated March 30, 1936, concerning Wm. H. Harris and the First National Bank of Manhattan, Kansas. You are advised, however, that the highway commission has been informed that the First National Bank of Manhattan is claiming some interest in such funds. Attached to said document are photostatic copies of applications by Wm. H. Harris, with bids for projects No. 4-1F 6774, Ness county, Kansas. Attached to said document are exhibits referred to in said last-named letter, including exhibit 'E,' which is as follows:

" 'May 5, 1936.
*Mr. Harv Goodyear, State Highway Commission, Topeka, Kansas.*

DEAR MR. GOODYEAR—Will you please write my bank, the First National Bank, Manhattan, Kansas, that you will mail all estimates to them on project 283-9-6782, project 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, project 4-1F-6773, and project 4-1F-6774.
   Thank you very much.　　　　　　　　Yours truly,　　　　　．
.WHH/f　　　　　　　　　　　　　　　　(Signed)　Wm. H. Harris.
　　　　　　　　　　　　　　　　　　　　　　　Wm. H. Harris.'

"Also, exhibit 'F,' which is as follows:
283-9-6782　　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　　　　　　　　　　'May 20, 1936.
4-1E-6773　　4-1F-6774

*First National Bank, Manhattan, Kansas.*

GENTLEMEN—We have a letter from Mr. Wm. H. Harris, contractor, Manhattan, Kansas, requesting us to write your bank stating that we will mail all checks due him for the estimates earned on the above noted projects to your bank.
   This request will be complied with to the best of our ability unless prior assignments are filed with us.　　　　Very truly yours,
HRG-JK　　　　　　　　　　　　　　H. R. GOODYEAR, Auditor.
CC Mr. Wm. H. Harris, contractor, 1017 Thurston, Manhattan, Kansas.' "

The trial court found that the interpleader, First National Bank, had no lien upon or claim to any of the garnished funds; that the interpleader, Massachusetts Bonding and Insurance Company, had a first lien on the funds in the amount of $2,016.50, for labor and material claims paid by it under its obligation on the bond as surety of the contractor, Harris; that plaintiff Brewer had a second lien

upon the funds in the amount of his judgment against Harris. Any part of the fund remaining was given another claimant, Graham.

The first assignment of error is that the court erred in exclusion of testimony as to the circumstances of the loan by the bank to Harris. The record fails to show that the testimony, the exclusion of which is complained of as error, was produced at the hearing of the motion for a new trial by affidavit, deposition or oral testimony of the witnesses. Compliance with the statute G. S. 1935, 60-3004, is a prerequisite to having such alleged error reviewed by this court. (*Ryan v. Harwood,* 145 Kan. 267, 65 P. 2d 277.)

The second and third assignments of error state that the court committed error in rendering judgment in favor of the bonding company and in favor of Brewer. This statement specifies no error for our consideration. In *Lumber Co. v. Smith,* 84 Kan. 190, 114 Pac. 372, it was said:

"The assignment that the court erred in rendering the judgment which it rendered merely says the judgment is wrong, and does not specify any error. . . . Consequently, there is nothing for the court to consider."

The record fails to show the action of the trial court in overruling the bank's motion for a new trial was assigned as error. This precludes any review of any questions arising on the trial of the cause. (*Gas Co. v. Dooley,* 73 Kan. 758, 84 Pac. 719; *Bennett v. Supply Co.,* 80 Kan. 437, 102 Pac. 511.) The fourth specification of error was that "the court erred in refusing to render judgment in favor of First National Bank in accordance with the pleadings of said bank and the evidence."

In this state of the record there is serious doubt whether there is any question for review presented by the appeal. We shall, however, state our views on the controlling question in the case.

The claim of the bank to priority rests on the assumption that there was an assignment of the fund by Harris to the bank. It is asserted the evidence of the assignment consisted not only in the letter from Harris to the highway commission, but in the contract between Harris and the bank, and the conduct of the parties. It is asserted that "the conduct of the parties absolutely establishes the terms of this contract and that the money here paid into court had theretofore been irrevocably assigned to the intervener bank."

Does the record show a valid assignment of the fund by Harris to the bank? The highway commission, in the statement above quoted, did not understand that the letter from Harris was in any

wise intended as an assignment, but merely an address to which all checks due him for the estimates should be sent. It is admitted that checks for the estimates were made out in the name of Harris and mailed to the address indicated by the letter. The letter contained no operative words of assignment. The letter merely requested the commission to write a letter to the bank stating that all estimates would be mailed to them. It does not indicate an irrevocable appropriation of the funds. If it amounted to anything more than a mailing address it could only rise to the dignity of an order that was revocable at the pleasure of Harris. An assignment is an expression of intention by the assignor that his right shall pass to the assignee. The letter written by Harris does not manifest an intention to transfer his right and interest in the fund to the bank. There is nothing that would indicate an intention to make an irrevocable appropriation of the fund. The mere mailing of the checks payable to Harris to the bank as directed would not translate a mere order or direction into an assignment and transfer of ownership. While no particular form or mode is necessary to effect a valid assignment, yet the intent to transfer and make over to another the property in question must be clearly established. (*Hall v. Terra Cotta Co.*, 97 Kan. 103, 154 Pac. 210; *Turner v. Williams*, 114 Kan. 769, 226 Pac. 267; 6 C. J. S. 1089.)

One further point must be noted. The bond given by the intervener, Massachusetts Bonding and Insurance Company, was the statutory bond provided by G. S. 1935, 68-410. It is argued that the bonding company, in paying certain claims that were not itemized, verified and filed with the highway commission, was a mere volunteer, and that such volunteer payments would not displace the equities of other claimants. But, since we have found the bank was not an assignee of the fund, and since the plaintiff Brewer has not appealed from the judgment below, we find it unnecessary to determine this interesting question.

For the reasons stated the appeal of the bank must fail. As no appeal was taken by Brewer he cannot complain.

The judgment is affirmed.