No. 39,210

HARRY L. MURPHY and NINA RUTH MURPHY, *Appellees,* v. LEE S. COLE and LESSIE C. COLE, his wife, *Appellants.*

(267 P. 2d 959)

Opinion filed March 6, 1954.

*Richard B. Stevens,* and *John W. Brand,* both of Lawrence, were on the brief for the appellants.

*Forrest A. Jackson,* of Lawrence, was on the brief for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action to compel specific performance of an oral contract for the sale of real estate and from a judgment ordering performance the defendants appeal to this court, where they specify as error: (1) The trial court's failure to sustain their demurrer to the plaintiffs' evidence; (2) The overruling of their objections to the introduction of certain testimony; and (3) The admission in evidence of certain exhibits.

It may be observed that specifications 2 and 3 refer to trial errors. Appellants did file a motion for a new trial which was overruled but that ruling is not specified as error. We have repeatedly held that errors relating to matters occurring at the trial, for which a new trial is asked, cannot be considered on appeal unless the action of the trial court in overruling the motion is specified as error. See cases collected in *West's Kansas Digest,* App. & E., § 719 (10) and Hatcher's Kansas Digest, App. & E., § 181.

In their brief appellants do not discuss separately their claims of error but contend generally that the judgment of the trial court was based on incompetent evidence and their demurrer should have been sustained. By reason of the rule above noted, we consider only whether on the evidence adduced by the appellees, the demurrer was ruled on correctly, and the only question is whether enforcement of the contract was precluded by the statute of frauds, G. S. 1949, 33-106.

For present purposes review of the evidence may be limited. That evidence showed that Mr. and Mrs. Cole owned some lands and they called on Mr. and Mrs. Murphy to inquire if the Murphys wished to purchase and received an affirmative answer. The next day Mr. Murphy saw Mr. Cole and a price of $500 plus one-half of the cost of an abstract of title was agreed on and Murphy then gave Cole a check for $250 which he cashed. An abstract of title was ultimately prepared and given Murphy for examination. Cole had some difficulty in getting a correct description of the land being sold but ultimately did so and thereafter a deed was executed by Cole and his wife and sent by Cole to his agent for delivery whenever Murphy would pay the balance due. After the original talks and prior to the date the deed was executed, Cole wrote Murphy a letter saying he didn't know whether or not he had told Murphy to go ahead with the tract and do what he pleased with it; that he intended to. Murphy did go into possession, changed fences to inclose the ground with his own, placed some of his personal property thereon, plowed the ground and treated and considered it as his own. After the transaction was initiated the state condemned a part of the land and paid into the office of the clerk of the district court the sum of $185 which was paid to Cole. At a later date the Murphys tendered to the Coles the balance of the purchase price, less the $185 Cole had received, at which time Cole directed his agent not to complete the transaction by delivery of the deed. No point is made as to the $185 payment. It is appropriate here to note that thereafter the instant action was commenced. The petition alleged the ultimate facts shown by the above evidence. The Coles answered by a general denial, and alleged that if there was an oral contract it was not binding on them for the reason it was not in writing, and that if the Murphys had taken possession of the real estate, such possession should be restored to the Coles. The answer contained no tender of the payments made by the Murphys to the Coles.

On the principal question that the oral contract is unenforceable by reason of the statute of frauds, appellants contend that part payment of the consideration does not take the case out of the statute, citing *Engelbrecht v. Herrington,* 103 Kan. 21, 172 Pac. 715, and *Riffel v. Dieter,* 159 Kan. 628, 157 P. 2d 831, and that possession of the land does not have that effect, citing *Baldwin v. Baldwin,* 73 Kan. 39, 884 Pac. 568, 4 L. R. A. n.s. 957. Extensive review of these cases will not be made. In the Engelbrecht case, the question was whether payment of the purchase price alone was sufficient to take the case out of the statute and it was held it was not. A mere reading of the Riffel case will disclose a factual situation so different from that now before us that we note only that it was again held there that the general rule is that payment alone under an oral contract, does not constitute sufficient performance to avoid the statute of frauds (see syl. 9). In the Baldwin case the plaintiff claimed there was part performance by payment of the purchase price and entry into possession. Insofar as possession is concerned it was said that when possession is relied upon as part performance it must be notorious, exclusive and obviously in pursuance of the contract. Reference to that opinion will disclose reasons why it was held under the facts the test was not met. As applied to the facts now before us, the above cases are not decisive.

In *Smethers v. Lindsay,* 89 Kan. 338, 131 Pac. 563, there is no extended discussion, but the syllabus recites:

"The rules that a finding or determination by the trial court supported by competent evidence must stand, that a tender is unnecessary when its futility is shown, and that part performance and possession take an oral contract for the sale of real estate out of the operation of the statute of frauds, followed."

In *Witt v. Boothe,* 98 Kan. 554, 158 Pac. 851, the action was by the seller to recover part of the purchase price of real estate sold under oral contract where defendant contended the statute of frauds prevented maintenance of the action, and a situation converse to that now presented. After noting part payment of the consideration and retention of possession, this court made reference to the Smethers case last noted and stated there were numerous authorities holding that part payment of the consideration and possession of the real estate are sufficient to take the case out of the statute of frauds, citing many decisions from courts of other states. It was held:

"A purchaser of real property under an oral contract, who pays a part of the purchase price, takes possession of the property under the contract, and retains

possession until the commencement of an action against him for the recovery of the balance of the purchase price, can not defeat that action by setting up the statute of frauds."

And as bearing on the question see also *Hoppas v. Bremer*, 114 Kan. 609, 220 Pac. 251, and *Eakin v. Wycoff*, 118 Kan. 167, 173, 234, Pac. 63, recognizing the rule.

The evidence of the appellees disclosed that part payment of the agreed consideration had been made as well as that prior to the contract they had had no possession of the real estate, but thereafter they entered into possession, made some improvements and treated the real estate as their own. Their possession was obviously in pursuance of the contract and was notorious and exclusive under it. Under the circumstances of the case, the defendants may not rely upon their contention the contract was within the statute of frauds and unenforceable for that reason.

We find some difficulty in treating some other arguments made for they are predicated on the claimed admission of incompetent evidence. We are of the opinion an inferred argument the contract is in no respect binding on Lessie C. Cole because the part payment of the consideration was made to her husband cannot avail her. She participated in the initiation of the negotiations and she executed the deed, and she also permitted the purchasers to enter into possession of the real estate. In the absence of contravening testimony no inference can be drawn other than that she ratified her husband's acts. We note further than in the answer filed she did not offer to return the consideration received. She may not use the statute of frauds as a means to perpetrate a fraud. (*Texas Co. v. Sloan*, 171 Kan. 182, 231 P. 2d 255, and cases cited.)

The record discloses that at the conclusion of appellees' evidence the appellants demurred and that demurrer being overruled appellants announced they elected to stand on their demurrer; that the trial court withdrew its ruling, upon request made by them the parties submitted briefs and thereafter the trial court found that the demurrer should be overruled and that appellees should have judgment for specific performance and it so adjudged. There is no specification of error that the judgment is erroneous.

Upon consideration of the appeal we are convinced that the judgment of the trial court should be and it is affirmed.