No. 39,219

Betty Lavone McCarty, *Appellee*, v. The Kansas-Nebraska Natural Gas Company, Inc., a Corporation, *Appellant*.

(271 P. 2d 264)

Opinion filed June 12, 1954.

*James D. Conway*, of Hastings, Nebraska, and *James W. Wallace*, of Scott City, argued the cause, and *Fred R. Irons*, of Hastings, Nebraska, and *D. B. Lang*, of Scott City, were with them on the briefs for the appellant.

*Logan N. Green*, of Garden City, argued the cause, and *Eugene T. Shields* and *James E. Mowery*, both of Dighton, and *Daniel R. Hopkins*, of Garden City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Harvey, C. J.: This was an action for damages for personal injuries sustained in a gas fire. Upon a trial the jury returned a general verdict for plaintiff and answered special questions. Defendant filed a motion for a new trial which was considered by the court and overruled and judgment was rendered for plaintiff upon the general verdict. Defendant has appealed from the judgment. The facts may be summarized as follows:

The unincorporated village of Healy is situated in the western part of Lane county. In 1948 the defendant undertook the distribution of natural gas through the village. In Healy what is called Amy Road is a north and south road on the east side of the platted

portion of Healy. Plaintiff and her husband, both young people, she was nineteen, occupied a residence on the west side of Amy Road. They were tenants, the property being owned by her husband's father. In October, 1948, the gas was extended by a one-inch service pipe from what the company called its main gas distribution pipe which ran along the west side of the travelled portion of the Amy Road a distance of about 60 feet. The meter and the regulator were set on the outside of the house near a corner. The meter, of course, was to measure the gas and the regulator was to cut down the pressure of the gas from about four pounds in the service pipe to four ounces to go into the house. It appeared to function well until the incident soon to be mentioned.

On October 4, 1951, the employees of Lane county were putting a culvert across Amy Road at its intersection with Iowa street which is a short distance south of the residence of plaintiff. In cutting a ditch for the culvert across the road they exposed defendant's gas main. They notified Mr. Matthies who lived at Dighton, the county seat, and was employed by defendant as local manager and had charge of the distribution system at Healy. He and his assistant, Mr. Stine, went to Healy where this work was being done, reaching there about 11:30 a. m. Under Matthies directions it was planned to raise the gas pipe so the culvert could be slipped under it across the road. The county men uncovered the gas pipe for perhaps twenty feet on each side; the grader was pulled up·alongside the pipe, a chain was put around the pipe and around the end of the grader blade and the pipe was raised up four or five inches so the culvert could be slipped under it. The pipe was let down and the dirt which had been removed from the top of it was replaced.

On October 8, 1951, the county and its employees were grading the streets in Healy including the east side of Amy Road. For that purpose they were using a road grader drawn by a tractor which had a blade to cut into the ground and move the earth toward the center of the street. About 2:00 p. m. on that day they were driving the grader on the east side of Amy Road and the corner of the blade struck the one-inch service pipe leading to plaintiff's residence. This cut into the pipe and bent it. The operators of the grader examined the pipe carefully and concluded that no gas was leaking. Later it was learned it did, however, pull the pipe partially loose from the meter and regulator with the result that gas got into plaintiff's residence and in perhaps an hour there was a serious explosion and fire which destroyed the residence and plaintiff was seriously burned.

Plaintiff was in the hospital for several weeks where much grafting of skin was done on the burned area, she suffered much pain, and at the close of the treatment was seriously and permanently disfigured and crippled.

This action was filed March 5, 1952, and an amended petition upon which the case was tried was filed May 15, 1952, which, briefly stated, alleged the negligence against defendant was that the gas pipes were laid too near the surface; that defendant's representatives knew the grading was to be done along that street, and that the representatives of defendant did not tell the graders where the gas pipes were laid nor did anyone representing defendant stay there to see that no harm was done. Subsequent pleadings were filed which put these allegations in issue. The trial was had on April 7 and 8, 1953. At the close of the trial, as previously stated, the jury rendered a general verdict for plaintiff and it was asked and made answers to the following special questions:

"1. Do you find from the evidence that the defendant buried its gas line below the surface of the road in the vicinity and in front of the McCarty home? Yes.

"2. Did the act of the County Employees of Lane County, Kansas, in striking the gas line, cause the explosion and damage resulting to the plaintiff? Yes, indirectly.

"3. Did Lane County or its employees notify Kansas-Nebraska Natural Gas Company that they were going to do any ditching in front of the McCarty house? Yes.

"4. Did Lane County or its employees know where the service line was located running to the McCarty house? No.

"5. State what act or acts of negligence, if any, the defendant, Kansas-Nebraska Natural Gas Company, committed. Gas line not buried deep enough. Should have kept a gas company man on job while work was being done."

Defendant filed a motion for a new trial which was considered by the court and overruled and judgment was rendered for plaintiff upon the general verdict of the jury. In due time defendant filed its notice of appeal. This appeal was only from the judgment rendered by the court upon the general verdict. There was no appeal taken from the order of the court overruling the motion for a new trial, or from any other ruling of the court adverse to the defendant.

This is an appellate court. In cases tried in the district court there may be many questions passed upon which the party appealing does not, for some reason, care to ask this court to review. The appeal is necessarily limited to the questions from which an appeal is taken. The result is that the appeal brought to us is on the judg-

ment of the court. Examining the judgment in this case we find nothing wrong with it unless it is some of the trial errors set out by the defendant in its motion for a new trial. Since no appeal has been taken from that order we are unable to review it. Our cases on that point are numerous.

In *Mathis v. Public School District No. 103*, 175 Kan. 453, 264 P. 2d 1082, it was held:

"Where the action of the trial court in overruling a motion for new trial is not specified as error, trial errors are not subject to appellate review." (Syl. 1.)

and in the opinion p. 456 it is said:

"Long ago this court announced the rule, to which it has consistently adhered, that where the overruling of a motion for a new trial is not specified as error, trial errors will not be reviewed. See, e. g., *Gas Co. v. Dooley*, 73 Kan. 758, 84 Pac. 719; *Brewer v. Harris*, 147 Kan. 197, 75 P. 2d 287; *Heniff v. Clausen*, 154 Kan. 717, 121 P. 2d 196; *Palmer v. Helmer*, 159 Kan. 647, 157 P. 2d 531; *Holmes v. Kalbach*, 173 Kan. 736, 742, 252 P. 2d 603; and numerous other decisions cited in Hatcher's Kansas Digest, Rev. Ed., Appeal & Error, § 181; West's Kansas Digest, Appeal & Error, § 719 (10)."

In *Weede v. Bannon*, 175 Kan. 569, 570, 265 P. 2d 1025, it is said:

"In passing, it is noted that defendant does not specify as error the order overruling his motion for a new trial. That being the case, alleged trial errors, such as rulings on the admissibility of evidence and concerning instructions, are not open to appellate review. (*Brewer v. Harris*, 147 Kan. 197, 75 P. 2d 287; *Heniff v. Clausen*, 154 Kan. 717, 121 P. 2d 196; *Palmer v. Helmer*, 159 Kan. 647, 157 P. 2d 531; and *Holmes v. Kalbach*, 173 Kan. 736, 742, 252 P. 2d 603.)"

In *Crowder v. Lindbergh*, 175 Kan. 671, 265 P. 2d 851, it is said:

"Appellant contends the court committed various trial errors and rendered an erroneous judgment. Appellant, however, has appealed only from the judgment rendered and not from the order overruling its motion for a new trial. It follows alleged trial errors are not reviewable. (*Hardman Lumber Co. v. Spitznaugle*, 130 Kan. 346, 286 Pac. 235; *Smith v. Kansas Transport Co.*, 172 Kan. 26, 238 P. 2d 553.)" (p. 672.)

In *Murphy v. Cole*, 175 Kan. 822, 267 P. 2d 959, it is said:

"It may be observed that specifications 2 and 3 refer to trial errors. Appellants did file a motion for a new trial which was overruled but that ruling is not specified as error. We have repeatedly held that errors relating to matters occurring at the trial, for which a new trial is asked, cannot be considered on appeal unless the action of the trial court in overruling the motion is specified as error. See cases collected in West's Kansas Digest, App. & E., § 719 (10) and Hatcher's Kansas Digest, App. & E., § 181." (p. 822.)

We find no error in the case. The judgment of the trial court is affirmed.

WEDELL, J., dissents.