No. 39,605

Ernest Drennan, *Appellant*, v. H. O. Chalfant, *Appellee*.

(282 P. 2d 442)

Opinion filed April 9, 1955.

*Clarence N. Holeman,* of Wichita, argued the cause, and *W. A. Kahrs, Robert H. Nelson,* and *Wilbur D. Geeding,* all of Wichita, were with him on the brief for the appellant.

*J. J. Mangan,* of Dodge City, argued the cause, and *E. C. Minner* and *Harry A. Waite,* both of Dodge City, were with him on the brief for the appellee.

The opinion of the court was delivered by

Thiele, J.: On a date not disclosed by the abstract plaintiff commenced the action out of which this appeal arises by filing a petition alleging that on August 21, 1953, the defendant intentionally

and maliciously shot him with a revolver inflicting injuries for which he sought damages in the sum of $50,000.

The defendant answered and denied generally and alleged that plaintiff attempted to assault him and to kill him and that defendant's acts resulting in the shooting of the plaintiff were done by defendant in defense of his person and life. Defendant also alleged as a "set-off and cause of action" that on divers occasions prior to and continuing down to April, 1953, the plaintiff had wickedly debauched and carnally known the wife of defendant and without his privity or consent and by reason thereof her affection for him had been alienated, he had been deprived of her love, society, conjugal affections and of her aid in his domestic affairs, and he had suffered great physical pain and mental agony, and had been brought great shame and dishonor, all to his damage in the sum of $100,000. He prayed that plaintiff take nothing and that he have judgment for $100,000.

Plaintiff filed his motion that those parts of defendant's answer alleging a "set-off and cause of action" be stricken as immaterial and not proper allegations entitling defendant to any relief and no defense to the petition. Plaintiff also demurred to the answer for the reason it did not set forth a proper defense and that the "set-off" was not a proper set-off to the petition, and should not be considered by the court or jury, and for the reason the set-off was in the nature of a counterclaim and not proper under the cause of action set forth in the petition and did not allege facts that would entitle defendant to a judgment. The motion was denied and the demurrer overruled and thereafter the plaintiff filed a reply joining issue.

At a trial commencing April 20, 1954, the jury returned a general verdict in favor of the defendant for $7,500 and answered in the affirmative one special question submitted asking whether plaintiff had had sexual intercourse with defendant's wife within two years prior to December, 1953, knowing at the time she was defendant's wife and that he did not consent thereto.

Thereafter the plaintiff's motion for judgment in his favor and notwithstanding the verdict for the reason the verdict was contrary to the evidence and the law in the case, and his motion for a new trial were denied, and he perfected his appeal to this court from the judgment, the denial of his motions for a new trial and for judgment and all adverse rulings.

In his abstract the plaintiff specifies as error: 1. The trial court's

denial of his motion to strike allegations of the answer; 2. The overruling of his demurrer to defendant's set-off; 3. Erroneous instructions to the jury; 4. Various rulings on objections; 5. Overruling of his motion for judgment notwithstanding the verdict; and 6. In permitting use of the deposition of defendant's wife. In order to clarify what is later said, we note that no error is specified on the ruling on the motion for a new trial.

Appellee challenges the right of the appellant to be heard on his specifications 3, 4 and 6 for the reason each refers to a trial error, and although there was a motion for a new trial which was denied and appeal was taken from the ruling, the ruling on the motion was not specified as error and appellant is not entitled to a review. The challenge is good and is sustained. See *Heniff v. Clausen*, 154 Kan. 717, 121 P. 2d 196; *Palmer v. Helmer*, 159 Kan. 647, 157 P. 2d 531; *Mathis v. Public School District No. 103*, 175 Kan. 453, 264 P. 2d 1082; *Weede v. Bannon*, 175 Kan. 569, 265 P. 2d 1025; *Murphy v. Cole*, 175 Kan. 822, 267 P. 2d 959, and cases cited therein. Specifications 1, 2 and 5 will be considered.

The motion of appellant to strike allegations as to the set-off from appellee's answer and his demurrer to the set-off in that answer raise the same question: May the defendant plead a set-off and obtain affirmative relief thereon? An answer compels a short review of the provisions of our code of civil procedure. The code provides that in his answer the defendant may set forth as many grounds of "defense, counterclaim, set-off and for relief as he may have" (G. S. 1949, 60-710). We need not pause to examine the nature of counterclaim and the right to relief as defined in 60-711 as there is no contention the relief sought by the appellee arose from the transaction relied on by the appellant. Prior to the revision of the code in 1909, a set-off could only be pleaded "in an action founded on contract, and must be a cause of action arising upon contract or ascertained by the decision of a court." (G. S. 1868, Ch. 80, Sec. 98, and subsequent general statutes prior to 1909). In the revision of 1909 a material change was made to provide that a set-off can only be pleaded "in an action in which a recovery of money is sought, and must be a cause of action for the recovery of money" and that section has since not been amended in any particular (G. S. 1949, 60-713). The code further provides that:

"If a counterclaim or setoff, established at the trial, exceed the plaintiff's claim so established, judgment for the defendant must be given for the excess;

or if it appear that the defendant is entitled to any affirmative relief, judgment shall be given therefor." (G. S. 1949, 60-3120)

Notwithstanding the above statutory provisions, appellant contends that a set-off did not entitle the defendant to any affirmative relief and that by filing a set-off the defendant waived a right to any affirmative relief. In support our attention is directed to two of our own decisions. The first is *Malcolm v. Larson,* 158 Kan. 423, 148 P. 2d 291. In that case the plaintiff brought an action in the district court to recover the value of property unlawfully converted to his own use by the defendant, who sought by answer and cross petition to off set a claim he had against the estate of plaintiff's intestate. We held that in the absence of statutory provisions extending the jurisdiction of a court, the court could entertain a set-off only where it had jurisdiction to entertain the claim originally and that the cross demand must be within the jurisdiction of the court as to its subject matter. The other case is *Beeler & Campbell Supply Co. v. Warren,* 149 Kan. 135, 86 P. 2d 482. There the plaintiff sued two corporations and three individuals for the recovery of a money judgment. One of the defendants attempted to assert a claim in which it alone was concerned growing out of a contract not connected with the subject matter of plaintiff's action. This court, as did the trial court, took notice of the lack of mutuality of interest of the defendants in the affirmative relief sought by the cross petition and applied the rule that a cross demand in connection with a matter unrelated to plaintiff's cause of action and made by one of two defendants and in which the other is not interested may not be asserted as a ground for affirmative relief.

Neither of the above cases sustains appellant's contention.

In *Ruby v. Baker,* 106 Kan. 855, 190 Pac. 6, 10 A. L. R. 1247, it was held that where plaintiff sued several defendants for damages for assault one of the defendants could assert as a set-off a claim for damages for alienation of the affections of his wife by plaintiff where the answer showed a waiver of all right to affirmative relief. In that case it was said the spirit of the code of civil procedure favors the settlement in one action of different controversies where the circumstances interpose no obstacle but does recognize that the principle of mutuality in cross demands must exist.

No argument to the contrary is made but that the allegations of the "set-off and cause of action" in the answer are sufficient to state a cause of action for criminal conversation with the defendant's

wife, is clear, as is the fact that the district court had power to entertain that action. See *Wingerd v. Foley*, 155 Kan. 566, 569, 127 P. 2d 524. Defendant's answer set up an action for the recovery of money asserted as a set-off and demand in plaintiff's action for money. No person other than plaintiff was interested in the recovery sought by him and no person other than the defendant was interested in the recovery sought by him under his "set-off and cause of action" and the latter was properly pleaded. There was no lack of mutuality of interest. In the circumstances, G. S. 1949, 60-3120 applies and the defendant was properly given judgment on the verdict of the jury.

Appellant's contention that his motion for judgment notwithstanding the verdict should have been sustained is predicated in part on his own version of what the evidence disclosed; in part on a contention that defendant's wife never consented to any act of sexual intercourse with the plaintiff and if she was forced to do so, she, not her husband had a cause of action against the plaintiff; in part on his contention certain evidence offered by him was wrongfully excluded, and other evidence was wrongfully received. We shall not pause to separate matters properly to be considered on a motion for judgment notwithstanding the verdict from those urged, but content ourselves by stating that examination of the record does not disclose any error in the trial court's denial of the motion.

The judgment of the trial court is affirmed.