No. 40,511

PERRY K. REGER, *Appellee,* v. GEORGE SOURS and MARGUERITE SOURS, *Appellants.*

(311 P. 2d 996)

Opinion filed June 8, 1957.

*Frank S. Hodge,* of Hutchinson, argued the cause, and *Roy C. Davis, Eugene A. White, Robert Y. Jones,* and *H. Newlin Reynolds,* all of Hutchinson, were with him on the briefs for the appellants.

*Fred C. Preble,* of Hutchinson, appeared for appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action to compel specific performance of an option contract. The defense to the action was that plaintiff (appellee) had breached the lease and option agreement so that the option had terminated at the time he attempted to exercise it. From a judgment ordering specific performance defendants (appellants) appeal to this court and specify error on five points. The first three refer to trial errors. Defendants did file a motion for a new trial which was overruled, but the ruling is not specified as error. We have repeatedly held that errors relating to matters occurring at the trial for which a new trial is asked cannot be considered on appeal unless the action of the trial court in overruling the motion is specified as error. (*McIntyre v. Dickinson,* 180 Kan.

710, 307 P. 2d 1068; *McCarty v. Kansas-Nebraska Natural Gas Co.*, 176 Kan. 386, 271 P. 2d 264; *Murphy v. Cole*, 175 Kan. 822, 267 P. 2d 959.)

We also note that the fifth specification of error is in substance that the trial court erred in rendering judgment for plaintiff and against defendants. Such specification of error presents nothing for appellate review. (*McIntyre v. Dickinson*, supra; *Gale v. Fruehauf Trailer Co.*, 158 Kan. 30, 33, 145 P. 2d 125.)

Consideration of defendants' specification of error No. 4 brings us to the sole question in this case—whether the trial court's findings of fact support the judgment rendered. (*Marion County Comm'rs v. Clark*, 157 Kan. 132, 138 P. 2d 449.)

The well-detailed findings of fact made by the trial court are summarized below:

On January 1, 1945, plaintiff and defendants entered into a lease and option agreement by the terms of which defendants leased the described premises to the plaintiff for a term of fifteen years at a rental equivalent to three per cent on $10,500.00, the agreed value of the real estate. The payments were to be made semiannually with no definite date or time fixed, and plaintiff was to keep the premises in repair, pay the taxes and keep the property insured.

Plaintiff was granted an option to purchase the property for $10,500.00 with the privilege of paying for it with payments, from time to time, in multiples of $100.00, and upon any such payment being made the rental was to be reduced proportionately so that it would equal three per cent of the valuation remaining unpaid. In case of default by plaintiff his rights would at once become forfeited without notice and defendants would have the right to immediate possession of the property and would be entitled to retain all payments as liquidated damages. The agreement *did not* provide that time was the essence of the contract.

Plaintiff had regularly made all rental payments due prior to the year 1951, although the exact dates of such payments were not shown. In January, 1950, the plaintiff asked for an extension of time to make the rental payment and was told by defendant George Sours that it could be made any time during the month. All of the taxes for the years 1945, 1946 and 1947, as well as the insurance premiums, were paid by plaintiff. Plaintiff expended $2500.00 for repairs during 1945 and made less extensive repairs during the re-

mainder of the occupancy. Plaintiff expended in rental payments, taxes, repairs and insurance approximately $6169.84.

Prior to January 19, 1951, plaintiff, having previously talked to defendant about putting the property up for sale, listed it with one Mr. Bailey, who advertised the real estate and otherwise sought to find a purchaser. On January 19, 1951, through the efforts of Mr. Bailey, a contract for the sale of the premises for $14,000.00 was entered into by plaintiff as seller and one Frank Jackson as purchaser, the latter making a down payment of $1000.00. At the time of the sale taxes were due for the years 1948, 1949 and 1950 and the first semiannual rental payment for 1951 had not been made. After the execution of this contract, about 9:30 a. m. on January 19, 1951, Mr. Bailey contacted defendant George Sours, told him of the sale to Jackson and talked over the details of closing the transaction. At the time, Bailey advised defendant of the unpaid taxes and that he, Bailey, was ready on behalf of plaintiff, for whom he was acting, to take up the contract balance, pay the rental payment and the delinquent taxes. It was agreed between Bailey and defendant that title should pass directly from defendants to Jackson, the purchaser, in order to save abstracting and recording expense. Defendant promised to meet Bailey at 2:00 o'clock that afternoon and at that time bring his abstract and the two of them would go over to the law office of Davis, Hodge, White and Jones to have the deed prepared and then go pay the taxes. Defendant, upon leaving Mr. Bailey, went to the office of his attorneys mentioned above and upon the advice of Davis proceeded to the court house and there paid the taxes. After doing so, he returned to the attorneys' office and had Mr. Davis prepare a notice terminating the contract, declaring it forfeited and demanding possession of the premises. This document was dated January 20, 1951, and was served upon plaintiff at 8:00 o'clock that morning.

Pursuant to the agreement between Bailey and defendant made on the morning of January 19, Bailey went to the agreed meeting place and remained there until after 3:00 p. m., but defendant did not appear. The inability of Mr. Bailey, acting on behalf of plaintiff, to complete the transaction on January 19, as he and defendant George Sours had agreed upon, as well as his failure to tender the purchase price to defendant personally, was due solely to defendant's actions in avoiding him. On either January 19 or 20, 1951, Mr. Bailey went to the office of Davis, Hodge, White and

Jones and there tendered to Mr. Davis for the defendants the full purchase price stipulated in the contract. Tender was by check, although Bailey stated he would procure the cash but was excused from doing so as it was acknowledged his check was sufficient. This tender was refused by Mr. Davis and the refusal was confirmed a few days thereafter by a letter signed by Mr. Hodge, a member of the firm. Neither at the time of the tender to Mr. Davis nor at any subsequent time was any contention advanced that Davis was without authority to accept the tender.

The court concluded as a matter of law that time was not the essence of the contract; that the plaintiff was not in default in payment of rentals on January 19, 1951, and that the defendant George Sours by his acts and conduct on that date waived any default which may have existed on plaintiff's part; that the failure to strictly perform the covenants of the contract did not operate per se under the circumstances existing in the case and without notice as a termination of plaintiff's option nor was it a forfeiture of his right to enforce the option; that the tender of the purchase price to defendant personally was not essential or required under the circumstances of the case but that in view of defendant's evasive conduct plaintiff was excused from making tender personally to the defendants and they were precluded from complaining that the tender was not made. The court further concluded that defendants were estopped from contending that Mr. Davis had no authority to accept the tender made to them through Davis by Bailey, and under the conditions shown to exist in the case it would be inequitable and unjust to declare a forfeiture of plaintiff's right under the option agreement contained in the lease or to refuse specific performance. The trial court entered judgment in favor of the plaintiff and against the defendants for specific performance.

Defendants contend that inasmuch as the taxes for the years 1948, 1949 and 1950 were not paid by plaintiff when due such failure constituted grounds for forfeiture and termination of the contract. The court found plaintiff had regularly made all rental payments due prior to the year 1951; that defendants accepted all the rental payments subsequent to the time the taxes became due and payable. It must be remembered that time was not the essence of the contract. The privilege to declare forfeiture was

waived by the acceptance of the mentioned payments long after plaintiff had been in arrears on the tax payments.

The acceptance of the rental payments did not ipso facto effect permanent waiver of the forfeiture privilege but placed the parties in such a situation that forfeiture could not be declared without previous notice that the privilege would be insisted upon. Whether time is or is not the essence of the contract, if the vendor has waived strict compliance with its terms as regarding time of payment, he cannot thereafter rescind or forfeit the contract without notifying the purchaser of his intention to do so unless payment is made, allowing him a reasonable time for performance. (*Drollinger v. Carson*, 97 Kan. 502, 155 Pac. 923; *Luther v. Hekking*, 110 Kan. 478, 204 Pac. 523; *Carroll v. Naffziger*, 157 Kan. 482, 490-491, 142 P. 2d 818.)

It has been further stated that where the enforcement of the forfeiture provisions of a contract for the sale of land would be inequitable the forfeiture will not be decreed. (*Carroll v. Naffziger*, supra, 491; and cases therein cited.)

The court's findings disclose that plaintiff chose to exercise the option under the contract on January 19, 1951, prior to any attempted exercise of the forfeiture by defendants. Where the contract is silent on the subject of the manner in which an option is to be exercised, no particular form or notice is essential. All that is required is that the lessee notify the lessor prior to the date of the expiration of the option of his decision to exercise it. (51 C. J. S., Landlord and Tenant, § 82b, p. 640.)

Moreover, in the absence of a provision so specifying, the lessee need not make a tender with his notice to exercise the option but has a reasonable time thereafter within which to pay the money and complete the deal. (51 C. J. S., Landlord and Tenant, § 83, p. 643.)

Upon the facts as found by the trial court, we hold that this was the kind of contract wherein equity will deny the defendants the drastic remedy of forfeiture and right of immediate possession without giving plaintiff a reasonable time within which to comply. This holding requires that the judgment of the trial court must be affirmed.

It is so ordered.