No. 41,276

Esther Smiley Green and Gerald Green, *Appellants,* v. The State Highway Commission of the State of Kansas, *Appellee.*

(337 P. 2d 657)

Opinion filed April 11, 1959.

A. *Harry Crane,* of Topeka, argued the cause, and *Ward D. Martin, Arthur L. Claussen* and *Harvey D. Ashworth,* all of Topeka, were with him on the briefs for appellants.

*Constance M. Achterberg,* of Topeka, and *Howard W. Harper,* of Junction City, argued the cause, and *W. B. Kirkpatrick,* Assistant Attorney General, of Topeka, and *Lee Hornbaker,* of Junction City, were with them on the briefs for appellee.

The opinion of the court was delivered by

Fatzer, J.: This is an appeal from a judgment in a state highway condemnation case. In May, 1956, the State Highway Commission, desiring to enlarge the intersection of U. S. 40 Highway and Kansas Highway 13 (K 13), filed its petition for the appointment of appraisers for the taking of 3.43 acres from the landowners and their rights of access to approximately one and three-quarters miles on each side of U. S. 40 Highway east of the intersection, and 450 feet north and south of the intersection on the east side of K 13. This intersection is located approximately 50 miles west of Topeka, approximately sixteen miles east of Junction City, and approximately eight miles south of Manhattan. Appraisers were appointed who made an award on May 31, 1956, of $1,597.15 for abutters' rights, land taken, abstracting and fencing. Being dissatisfied with the appraisement, the landowners filed with the clerk of the district court their notice of appeal and a bond as provided by law. The commission did not appeal from the appraisement.

The appeal was tried to a jury in the district court of Geary County, which returned a verdict and fixed the landowners' damages as follows:

"For the land actually taken ..... ......... ........ $1,375.00
For damages to land not taken    .................   25.00
For necessary fence  .. .............. ...........  600.00
                                                    ─────────
   Total    ..................................... .  $2,000.00"

Judgment was entered in harmony with the general verdict of the jury and the landowners timely perfected their appeal to this court from the verdict rendered, the judgment entered thereon, the overruling of the motion for a new trial, and the overruling of their oral motion to reconsider the court's ruling on the motion for a new trial. Because of their importance to the decision of this case, based upon conclusions hereafter announced, the landowners' specifications of error are fully quoted:

"1. The trial court admitted, over objection of appellants, certain incompetent evidence, and refused to admit certain competent evidence, which was prejudicial to appellants.

"2. The jury allowed no damages for the access taken although it was undisputed that the main entrance used by appellants to the pasture to the south from US 40 was taken, and that all access to the zoned commercial corner of US 40 and K 13 was taken plus additional access 100' to the north and 50' to the south thereof.

"3. The jury acted under bias and prejudice."

In deciding this case we are first confronted with the problem that while the landowners perfected their appeal from the order overruling their motion for a new trial, they fail to specify that ruling as error for appellate review. Harsh as the rule may be, this court has repeatedly held that errors relating to matters occurring at the trial for which a new trial is asked, cannot be considered on appeal unless the action of the district court in overruling the motion is specified as error. Our cases on this point are numerous. In *Mathis v. Public School District No. 103*, 175 Kan. 453, 264 P. 2d 1082, it was held:

"Where the action of the trial court in overruling a motion for new trial is not specified as error, trial errors are not subject to appellate review." (Syl. ¶ 1.)

In the opinion it was said:

"Long ago this court announced the rule, to which it has consistently adhered, that where the overruling of a motion for a new trial is not specified as error, trial errors will not be reviewed. See, e. g., *Gas Co. v. Dooley*, 73 Kan. 758, 84 Pac. 719; *Brewer v. Harris*, 147 Kan. 197, 75 P. 2d 287; *Heniff v. Clausen*, 154 Kan. 717, 121 P. 2d 196; *Palmer v. Helmer*, 159 Kan. 647, 157 P. 2d 531; *Holmes v. Kalbach*, 173 Kan. 736, 742, 252 P. 2d 603; and

numerous other decisions cited in Hatcher's Kansas Digest, Rev. Ed., Appeal & Error, § 181; West's Kansas Digest, Appeal & Error, § 719 (10)." (l. c. 456.)

In *Weede v. Bannon*, 175 Kan. 569, 570, 265 P. 2d 1025, it was said:

"In passing, it is noted that defendant does not specify as error the order overruling his motion for a new trial. That being the case, alleged trial errors, such as rulings on the admissibility of evidence and concerning instructions, are not open to appellate review."

In *Murphy v. Cole*, 175 Kan. 822, 267 P. 2d 959, it was said:

"It may be observed that specifications 2 and 3 refer to trial errors. Appellants did file a motion for a new trial which was overruled but that ruling is not specified as error. We have repeatedly held that errors relating to matters occurring at the trial, for which a new trial is asked, cannot be considered on appeal unless the action of the trial court in overruling the motion is specified as error." (l. c. 822.)

In *Drennan v. Chalfant*, 177 Kan. 633, 282 P. 2d 442, it was said:

"Appellee challenges the right of the appellant to be heard on his specifications 3, 4 and 6 for the reason each refers to a trial error, and although there was a motion for a new trial which was denied and appeal was taken from the ruling, the ruling on the motion was not specified as error and appellant is not entitled to a review. The challenge is good and is sustained." (l. c. 635.)

In *State v. Turner*, 183 Kan. 496, 328 P. 2d 733, it was held:

"Matters specified as error, in order to be reviewable, must be within the purview of those matters contained in the notice of appeal, and, when an appellant seeks to have this court review alleged trial errors, he must appeal from the order overruling his motion for a new trial, and, in addition, must specify such ruling as error." (Syl. ¶ 1.)

In *Ogilvie v. Mangels*, 183 Kan. 733, 332 P. 2d 581, it was said:

"Since the order on the motion for new trial was not specified as error in the case at bar, it reaches this court as if no motion had been filed, since we cannot consider that motion." (l. c. 735.)

In *Shelton v. Simpson*, 184 Kan. 270, 336 P. 2d 159 (opinion filed March 7, 1959), it was held:

"Where an appeal is from an adverse judgment and an order overruling a motion for a new trial, and such order is not specified as error in compliance with Rule No. 5 of this court, appellate review is limited to the question whether the judgment is supported by the pleadings and findings of fact, and inquiry will not be made of specifications pertaining only to alleged trial errors."

See, also, *McIntyre v. Dickinson*, 180 Kan. 710, 307 P. 2d 1068; *Reger v. Sours*, 181 Kan. 423, 311 P. 2d 996; *Binder v. Local Union No. 685*, 181 Kan. 799, 317 P. 2d 371.

This court has repeatedly held what trial errors include, and in *Shelton v. Simpson,* supra, it was said:

"This court has held that trial errors include rulings of the trial court on dilatory pleas, orders setting the cause for trial, denial of additional time to plead, the overruling of a motion for judgment on counsel's opening statement, the admission or exclusion of evidence, the sufficiency of evidence to support the judgment, erroneous instructions to the jury, misconduct of court or counsel, and general miscellaneous irregularities of procedure and practice for which new trials may be granted on timely motion of a defeated litigant (*Marshall v. Bailey,* 183 Kan. 310, 313, 327 P. 2d 1034)."

It is clear that each of the landowners' specifications of error relates to trial errors: No. 1 deals with whether the trial court erroneously admitted and excluded certain evidence which was claimed to be prejudicial to the landowers; No. 2 pertains to the sufficiency of evidence to support the verdict and judgment, and No. 3 deals with whether the jury acted under bias and prejudice. While these alleged errors were urged to the district court on a motion for a new trial, the landowners are required, in addition to appealing from the order overruling that motion, to specify such ruling as error to obtain appellate review. As previously indicated, this appeal reaches this court as if no motion for a new trial had been filed. It therefore follows that the scope of appellate review is limited to the question whether the judgment is supported by the pleadings and the jury's verdict (*McCarty v. Kansas-Nebraska Natural Gas Co.,* 176 Kan. 386, 271 P. 2d 264; *McIntyre v. Dickinson,* supra; *Reger v. Sours,* supra; *Binder v. Local Union No. 685,* supra).

Under the present statutes and procedure for trials of eminent domain appeals in district courts, pleadings are not required; hence, we do not have the question whether the judgment is supported by the pleadings. Examining the judgment in this case, we find nothing wrong with it unless it is some of the trial errors set out by the landowners in their motion for a new trial, but, since the order overruling the motion for a new trial is not specified as error, it is the same as if no appeal had been taken from that order and we are unable to review it.

Finding no error in the case, the judgment of the trial court is affirmed.

It is so ordered.