The judgment is affirmed.

No. 41,577

ED HUGHES, *Appellee,* v. HARRY HANLEN, *Appellant.*

(348 P. 2d 634)

Opinion filed January 23, 1960.

*Wm. P. Thompson,* of Wichita, argued the cause, and *A. W. Hershberger, Richard Jones, H. E. Jones, Jerome E. Jones, Robert J. Roth* and *William R. Smith,* all of Wichita, were with him on the brief for the appellant.

*Emmett A. Blaes,* of Wichita, argued the cause, and *W. D. Jochems, J. Wirth Sargent, Roetzel Jochems, Robert G. Braden, J. Francis Hesse, James W. Sargent, Stanley E. Wisdom, Vincent L. Bogart, Cecil E. Merkel, John W. Brimer* and *Harry L. Hobson,* all of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This was an action to recover for personal injury and damage arising out of an automobile collision.

The jury returned special findings and a general verdict for plaintiff. Defendant's motion for a new trial was overruled and judgment was entered on the findings and verdict. Defendant has appealed from the entry of judgment and the order denying his motion for a new trial.

The only specifications of error, however, are that (1) the verdict of the jury is contrary to the evidence; (2) the verdict of the jury is excessive; (3) the court erred in giving improper instructions, objected to by defendant, and (4) the court erred in failing to give certain instructions requested by defendant.

When this appeal was argued, the court, on its own motion, called attention to the fact that the denial of the motion for a new trial, not being specified as error, alleged trial errors were not subject to review. Counsel for defendant stated that he had not prepared the abstract and orally requested permission to amend the specifications of error so as to include the order in question, and two days later filed a written motion of like effect. Counsel for plaintiff stated that he had no desire to take advantage of a "technicality" and made no objection to a consideration of the four specifications of error, even though they have reference to trial errors.

This court is not inclined to cut off rights of appellate review because of "technicalities" and on many occasions has permitted the amendment of notices of appeal (G. S. 1949, 60-3310) or of specifications of error when the request for such amendment has been made prior to submission of the appeal. That is not the case here, however, and in the interest of orderly procedure on appellate review we have concluded that the motion to amend came too late and is therefore denied. (*State v. Hamilton,* 185 Kan. 101, 340 P. 2d 390 [certiorari denied December 7, 1959—see 361 U. S. 920, 4 L. Ed. 2d 188, 80 S. Ct. 265].)

The four specifications of error are identical to the fifth, sixth and seventh grounds of the motion for a new trial, but as the denial of

that motion is not specified as error there is nothing for this court to review. The rule is well stated in the recent case of *Green v. State Highway Commission,* 184 Kan. 525, 337 P. 2d 657 (opinion on motion for rehearing at 185 Kan. 36, 340 P. 2d 927), in which many of our earlier cases on the subject are cited and adhered to.

Under the circumstances, therefore, the appeal is dismissed.